Opinion by
Judge Wilkinson,
This is an appeal from the order of the Workmen’s Compensation Appeal Board dismissing appellant-claimant’s Fatal Claim Petition filed under The Pennsylvania Occupational Disease Act, Act of June 21, 1939, P.L. 566, as amended, 77 P. S. §1201 et seq.[1] Appellant-claimant’s decedent died on December 21, 1971. On August 28, 1973, over 20 months after the death, appellant-claimant filed the Fatal Claim Petition. The narrow question presented is whether it was timely filed. We must affirm the Board’s decision that it was not timely filed and affirm the dismissal of the Fatal Claim Petition.
*636 Section 315 of The Pennsylvania Occupational Disease Act, 77 P.S. §1415 (Supp. 1974-1975), clearly and specifically provides that:
.. In cases of death all claims for compensation shall be forever barred,... unless, within sixteen months after the death, one of the parties shall have filed a petition as provided in article four hereof----”
Appellant-claimant would avoid this sixteen-month statute of limitations on one of two bases. First, it is asserted that Section 315 has been amended by Section 19 of the Act of March 29, 1972, P.L. 159, extending the sixteen-month limitation to two years. Such is not the case. This extension did not apply to The Pennsylvania Occupational Disease Act[2] for deaths other than those resulting in whole or in part from exposure after June 30, 1973.[3]
The second basis on which appellant-claimant would avoid the sixteen months from death limitation is that the sixteen months does not begin to run at the time of death, but rather from the time appellant-claimant knew that the death was the result of an occupational disease and that this did not occur until July of 1973. This argument is based on the decision in Ciabattoni v. Birdsboro Steel Foundry & Machine Company, 386 Pa. 179, 125 A.2d 365 (1956). Appellant-claimant’s reliance on that case is totally misplaced. That case stands only for the proposition that the statute of limitations for a claim of *637 total disability due to an occupational disease begins to run from the time the existence of the disease is completely established by medical diagnosis to the knowledge of the claimant. In the case of a claim for death, the statute as quoted above is quite specific that the sixteen months run from the date of death.
Accordingly, we enter the following
Order
Now, June 12,1975, the order of the Workmen’s Compensation Appeal Board, dismissing the Claim Petition in the above matter, is affirmed.

. The appeal should have been to the Court of Common Pleas. However, since no objection has been filed, under the unusual circumstances here involved, we will accept the appeal under the authority of Section 503 of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, 17 P.S. §211.503 (Supp. 1974-1975).

. Section 19 of the Act of March 29, 1972, P.L. 159 (which appears in 77 P.S. §602 (Supp. 1974-1975) as further amended), amended Section 315 of The Pennsylvania Workmen’s Compensation Act, Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §602 (Supp. 1974-1975). That amendment did not amend Section 315 of The Pennsylvania Occupational Disease Act. We note that the 16-month statute of limitations that existed in the Pennsylvania Workmen’s Compensation Act was first extended to two years, not by the Act of March 29, 1972, P.L. 159, as indicated by appellant-claimant, but by Section 2 of the Act of February 8, 1972, P.L. 25.

. 2 A. Barbieri, Pennsylvania Workmen’s Compensation §7.32(1) (1975).