436 A.2d 181

Genevieve ANTHONY, Administratrix of the Estate of Robert D. Anthony; Vernell Brown, Administratrix of the Estate of William H. Brown; Emily L. Mellott, Administratrix of the Estate of Ralph L. Mellott; Mabel Sharp, Administratrix of the Estate of Gilbert C. Sharp; Elizabeth Straver, Administratrix of the Estate of Kelvin Straver,

v.

KOPPERS COMPANY, INC., Allied Chemical Corporation, and Salem Corporation,

v.

BETHLEHEM STEEL CORPORATION.

Appeal of KOPPERS COMPANY, INC. and Bethlehem Steel Corporation at 37.

Appeal of ALLIED CHEMICAL CORPORATION at 38.

Supreme Court of Pennsylvania.

Argued Sept. 15, 1981.

Decided Oct. 29, 1981.

Application for Reargument Denied Dec. 22, 1981.

Patrick R. Riley, Avrum Levicoff, Egler & Reinstadtler, Pittsburgh, for Koppers Co., Inc.

Blair S. McMillin, Lawrence E. Flatley, Reed, Smith, Shaw & McClay, Pittsburgh, for Bethlehem Steel Corp.

Herbert Bennett Connor, Dickie, McCamey & Chilcote, Pittsburgh, for Salem Corp.

John W. Jordan, IV, Thomson, Rhodes & Grigsby, Pittsburgh, for Allied Chemical Corp.

John Alan Conte, Scott L. Melton, Conway, for Genevieve Anthony et al.

## OPINION OF THE COURT

WILKINSON, Justice.

These appeals[1] are from an order of the Superior Court affirming an interlocutory order denying motions for summary judgment. The issue is whether appellees' wrongful death and survival actions were barred by the applicable statutes of limitation. We hold that they were and reverse the judgment of the Superior Court.

Appellees are each administrators of the estates of their deceased husbands, who had been employed by Bethlehem[2] as coke oven workers. Appellees commenced these actions on December 13, 1977. Their amended complaint alleges that emissions from the coke ovens, which had been "manufactured, sold, constructed and installed" by Koppers, Allied, and Salem Corporation (Salem), had caused the decedents to contract lung cancer, which resulted in their deaths. The causes of action were grounded in negligence, strict liability in tort and breach of warranty and were based upon alleged defects in the coke ovens.

It was revealed during discovery that all decedents had died more than two years before the actions were brought.[3] In fact, the instant litigation was instituted more than five years after the most recent death. Koppers, Allied, and Salem filed motions for summary judgment, arguing that the one year statute of limitations applicable to wrongful death actions, Section 2 of the Act of April 26, 1855, P.L.

---

1. We are presented with (1) the appeals of Koppers Company, Inc. (Koppers) and Bethlehem Steel Corporation (Bethlehem); and (2) the appeal of Allied Chemical Corporation (Allied).

2. In August, 1978, Allied joined Bethlehem as an additional defendant.

3. Answers to interrogatories indicated that decedents had died on the following dates: Robert D. Anthony on August 5, 1967; Kelvin Straver on October 11, 1969; William H. Brown on October 24, 1969; Gilbert C. Sharp on December 12, 1969; and Ralph L. Mellott on July 5, 1972.

309, 12 P.S. § 1603,[4] and the two year statute of limitations applicable to survival actions, Section 2 of the Act of June 24, 1895, P.L. 236, 12 P.S. § 34,[5] barred appellees' suits. The Court of Common Pleas of Allegheny County denied the motions and certified the question for interlocutory appeal. The Superior Court granted permission to appeal and subsequently affirmed the denial of summary judgment. *Anthony v. Koppers Co.*, 284 Pa.Super. 81, 425 A.2d 428 (1980).

The Superior Court determined that the statutory periods did not start to run until the decedents' representatives knew or reasonably should have known of the causal connection between the coke oven emissions and the decedents' lung cancer, and that there exists a genuine issue of material fact, as to that date, so as to prevent the entry of summary judgment.[6] The Superior Court thus approved the application of the "discovery rule" to wrongful death and survival actions in Pennsylvania. Appellants, of course, argue that the "discovery rule" is inapplicable and that the statutory periods began to run, at the latest, on the dates of the decedents' deaths. We agree.

■ The statute of limitations applicable to appellees' wrongful death actions provides as follows: "The declara-

4. Repealed by Section 2(a) [310] of the Judiciary Act Repealer Act, Act of April 28, 1978, P.L. 202, effective June 27, 1978. See Section 5524(2) of the Judicial Code, 42 Pa.C.S. § 5524(2) (now providing a two year limitation).

5. Repealed by Section 2(a) [807] of the Judiciary Act Repealer Act. See 42 Pa.C.S. § 5524(2).

6. The appellees have argued throughout that because medical science had not previously recognized this causal connection, they did not know and reasonably should not have known of the causal link until October 19, 1976, when the Secretary of Labor promulgated health standards governing employee exposure to coke oven emissions pursuant to the Occupational Safety and Health Act, 29 U.S.C. § 651 et seq. (1970). A discussion of the administrative and scientific background of these standards is set forth in *American Iron & Steel Inst. v. O. S. H. A., United States Dep't. of Labor*, 577 F.2d 825 (3d Cir. 1978), *cert. dismissed*, 448 U.S. 917, 101 S.Ct. 38, 65 L.Ed.2d 1180 (1980). We do not reach the question of whether advances in medical science may be applied retroactively to resuscitate causes of action previously barred by statutes of limitation.

tion shall state who are the parties entitled in such action; the action shall be brought within one year after the death, and not thereafter." 12 P.S. § 1603.

We are mindful that "[w]hen [, as here,] the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." Section 1921(b) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921(b). The statute here is quite specific that the one year runs from the date of death.

The Superior Court, however, reasoned that the "discovery rule" "is not derived from, and does not depend upon, the language of a particular statute but instead is a judicially created rule generally applicable to all statutes of limitation and to all cases where the injury or its cause is not immediately evident." *Anthony v. Koppers Co., supra,* 284 Pa.Super. at 91–92, 425 A.2d at 436. We cannot accept this proposition and conclude that the "discovery rule" does not prevent the running of the statute of limitations in a wrongful death action brought under 12 P.S. § 1603.

This Court has never addressed this precise issue.[7] There have, however, been a number of Pennsylvania cases which have applied the "discovery rule" in other settings. The Superior Court discusses and relies upon several of these, *e. g., Ayers v. Morgan,* 397 Pa. 282, 154 A.2d 788 (1959) and its progeny, in reaching its conclusion. Those cases, however, cannot be considered dispositive as they have involved clearly distinguishable statutes of limitation. The personal injury statute of limitations at issue in *Ayers v. Morgan, id.,* provided that actions must be commenced "within two years from the time when the injury was done . . . ." 12 P.S.

---

**7.** The Superior Court cites our opinion in *Schaffer v. Larzelere,* 410 Pa. 402, 189 A.2d 267 (1963) as recognizing that the "discovery rule" applies to wrongful death actions. That case, however, merely applied the rule that an amendment which does not change the cause of action but merely amplifies that which has already been averred should be allowed even if the statute of limitations has run, and held that the lower court had erred in not permitting the amendment. The references to the applicability of the "discovery rule", therefore, constitute dicta and are in no way binding. *See Anthony v. Koppers Co., supra,* 284 Pa.Super. at 104, 425 A.2d at 439–40.

§ 34.[8] Statutory references to the occurrence of an "injury" or the accrual of a "cause of action" are subject to judicial interpretation as to the degree of knowledge a plaintiff must possess before the statute will start to run. In contrast, the requirement that a wrongful death action be brought within two years after a definitely established event,—"death"—leaves no room for construction.

We are convinced that when the legislature said that a cause of action exists for "one year after the death, and not thereafter," it did not mean "one year from the date of discovery of the cause of death." *Cadieux v. International Telephone & Telegraph Corp.*, 593 F.2d 142, 144 (1st Cir. 1979) (applying this reasoning to a similarly worded Rhode Island statute).

The principle we adopt here is not without support in Pennsylvania case law. In *Workmen's Compensation Appeal Board v. Chobanian*, 19 Pa.Cmwlth. 632, 339 A.2d 126 (1975), the Commonwealth Court, in construing a similar statute,[9] held that the sixteen month limitation period for the filing of a death claim under the Pennsylvania Occupational Disease Act, runs from the date of death, not from the date when the claimant knew that the death resulted from an occupational disease.

■ We will now address the application of the "discovery rule" to the survival actions. The statute of limitations applicable to these actions provides as follows:

**8.** The Superior Court correctly noted that the "discovery rule" has been applied in this state to several other statutes of limitation in addition to 12 P.S. § 34 ("injury"): *Ciabattoni v. Birdsboro Steel Foundry & Machine Co.*, 386 Pa. 179, 125 A.2d 365 (1956) (statute used phrase "after disability begins"); *A. J. Aberman, Inc. v. Funk Bldg. Corp.*, 278 Pa.Super. 385, 420 A.2d 594 (1980) (statute used phrase "after the cause of such actions"); *Irrera v. SEPTA*, 231 Pa.Super. 508, 331 A.2d 705 (1974) (statute provided "from the date . . . the cause of action accrued"). *Anthony v. Koppers Co., supra* 284 Pa.Super. at 98, 425 A.2d at 436.

**9.** Section 315 of The Pennsylvania Occupational Disease Act, Act of June 21, 1939, P.L. 566, *as amended*, 77 P.S. § 1415 provides that: "In cases of death all claims for compensation shall be forever barred, . . . unless, within sixteen months after the *death*, one of the parties shall have filed a petition. . . ." (emphasis added).

Every suit hereafter brought to recover damages for injury wrongfully done to the person, in case where the injury does not result in death, must be brought within two years from the time when the injury was done and not afterwards; in cases where the injury does result in death the limitation of action shall remain as now established by law.

12 P.S. § 34. The Superior Court concluded that where, as alleged here, the decedents did not know or reasonably should not have known of the cause of their injuries before their deaths, 12 P.S. § 34 did not start to run until their administrators became aware or should have become aware of the cause. *Anthony v. Koppers Co., supra*, 284 Pa.Super. at 100, 425 A.2d at 438. We must again disagree.

As distinguished from the wrongful death statutes,[10] the survival statutes[11] do not create a new cause of action; they simply permit a personal representative to enforce a cause of action which had already accrued to the deceased before his death. *Cf. Pezzulli v. D'Ambrosia*, 344 Pa. 643, 647, 26 A.2d 659, 661 (1942). Here, by arguing that their decedents were not "injured" until some time *after* their deaths, appellees concede that no valid cause of action existed at the time of death which could be preserved under the survival statutes. The survival claims were clearly barred.

The decision of the Superior Court is reversed and the motions for summary judgment granted.

NIX, J., did not participate in the consideration or decision of this case.

LARSEN and KAUFFMAN, JJ., concurred in the result.

O'BRIEN, C. J., filed a dissenting opinion.

10. Section 19 of the Act of April 15, 1851, P.L. 669, 12 P.S. § 1601; Section 1 of the Act of April 26, 1855, P.L. 309, 12 P.S. § 1602; and Section 1 of the Act of May 13, 1927, P.L. 992, 12 P.S. § 1604. Repealed by § 2(a) [279], [310] and [1094] of the Judiciary Act Repealer Act, currently 42 Pa.C.S. § 8301.

11. Section 3371 of the Probate, Estates, and Fiduciaries Act of 1972 (Act), *as amended*, 20 Pa.C.S. § 3371 and Section 3373 of the Act, 20 Pa.C.S. § 3373, currently 42 Pa.C.S. § 8302.

O'BRIEN, Chief Justice, dissenting.

The majority's reliance upon the rules of statutory construction in summarily refusing to extend the applicability of the "discovery rule" to the instant wrongful death and survival actions is misplaced. As Judge Spaeth made clear in the cogent and well-considered Superior Court decision,

> "application of the discovery rule is not based upon any specific wording in the particular statute of limitations in question. Instead, application of the rule has been based upon the recognition that if a party, despite the exercise of diligence, cannot ascertain his injury, the statute of limitations *should not* run against his claim. In short, the discovery rule is a judicial creation; fashioned to solve a specific problem, namely, whether the law should preclude recovery for an injury that not even a diligent party may reasonably be expected to discover."

*Anthony v. Koppers Co., Inc.*, 284 Pa.Super. 81, 89, 425 A.2d 428, 432 (1980) (emphasis in original).

The discovery rule, therefore, is best seen as a judicial response to the anomalies which inevitably result from the wooden application of statutes of limitations. This solution has heretofore found favor in this Court's decisions, and there is a recognized trend toward widening its applicability. *See Anthony v. Koppers Co., Inc., supra*, 284 Pa.Super. at 95, 425 A.2d at 434–435 and cases cited therein. Suddenly, however, the majority chooses to declare in effect that the statutes of limitations relevant to the instant actions run in a vacuum, impervious to the considerations which would accompany the decision whether or not to invoke the discovery rule. Moreover, the fact that the rule has been embraced by the courts of this Commonwealth demonstrates that there must be more to deciding such cases than merely construing the relevant statutes of limitations.

On a sheerly practical level, the majority's newly announced principle is likely to encourage the commencement of a rash of law suits filed to protect potential causes of action which are not yet and may never become meritorious.

The potential increase in litigation under an extended discovery rule pales by comparison.

I would affirm.