451 A.2d 741

POCONO INTERNATIONAL RACEWAY INC., Appellant,

v.

POCONO PRODUCE INC. and United States Fidelity
and Guaranty Company.

Superior Court of Pennsylvania.

Submitted Nov. 4, 1981.

Filed Oct. 8, 1982.

Petition for Allowance of Appeal Granted Feb. 7, 1983.

John B. Dunn, Stroudsburg, for appellant.

Matthew R. Sorrentino, Bethlehem, for appellee.

Before BROSKY, POPOVICH and MONTGOMERY, JJ.

POPOVICH, Judge:

This appeal originates from a grant of summary judgment in favor of appellee. We reverse. The action arose out of a tunnel collapse at the Pocono International Raceway. The tunnel runs underneath the roadbed of the raceway and connects the infield with the outside of the track. On June 27, 1980, appellant, Pocono International Raceway, filed a trespass action against appellee, Pocono Produce, alleging that on or about June 15, 1978, one of appellee's trucks struck at least four of the structural beams of the tunnel arch, so weakening the structural integrity of the tunnel that it collapsed sometime between October, 1978, and April, 1979. Appellee filed an answer and new matter raising the defense of the statute of limitations. After discovery, including the deposition of Dr. Joseph R. Mattioli, Chairman of the Board and chief executive officer of appellant-corporation, appellee filed a motion for summary judgment based on the statute of limitations defense. The lower court granted the motion because it found that appellant had ascertained the facts necessary to bring the action within two years after the collision took place, and, in failing to file a timely complaint, appellant was barred from bringing this action by the statute of limitations.[1]

1. Act of July 9, 1976, P.L. 586, No. 142, § 2, 42 Pa.C.S.A. § 5524(4).

Appellant contends that the lower court erred in refusing to apply the "discovery rule" exception to the general rule that "mere mistake, misunderstanding or lack of knowledge is not sufficient to toll the running of the statute." Trial court opinion at 5, quoting *Schaffer v. Lazelere,* 410 Pa. 402, 405, 189 A.2d 267, 269 (1963). "The Pennsylvania 'discovery' rule delays the accrual of the cause of action from the time of the defendant's negligent conduct to a time when the injury caused by that conduct becomes known or knowable." *Prince v. Trustees of the University of Pennsylvania,* 282 F.Supp. 832, 840 (E.D.Pa.1968). We agree with appellant's contention and, accordingly, reverse the lower court's order granting summary judgment.

Summary judgment can only be issued in clear cases where there is no genuine issue of material fact. *See Wallace v. Horvath,* 283 Pa.Super. 179, 423 A.2d 1047 (1980); *Keating v. Zemel,* 281 Pa.Super. 129, 421 A.2d 1181 (1980). *See also* Pa.R.C.P. 1035(b). The facts, viewed in the light most favorable to the non-moving party, *see Thompson Coal Company v. Pike Coal Company,* 488 Pa. 198, 412 A.2d 466 (1979), indicate that upon the reopening of the raceway in April, 1979, Dr. Mattioli immediately inspected the tunnel and discovered that one of the I-beams had been "ripped pretty bad and distorted or warped...." (Mattioli Dep. 8/18/80, page 13). The appellant's maintenance man, George Ewald, informed Mattioli that a refrigerated truck had struck the beam. The identity of the truck, however, was unknown to him. Ewald allegedly acquired his information about the collision through some unascertained source during the prior winter months. On or about April 4, 1979, Mattioli attempted to locate a former food supplier of his known as "Frosty Acres" by contacting Edward K. Driebe, President of appellee-corporation. Driebe, without being asked, admitted that one of his corporation's trucks had struck the I-beam. According to Mattioli, Driebe informed him that the collision occurred on or about June 15, 1978.

The lower court's holding that appellant's lack of knowledge of the damage and its perpetrator did not toll the running of the statute was based on the following dictum[2] from *Schaffer, supra,* "[I]f the existence of the injury is not known to the complaining party and such knowledge cannot be reasonably ascertained within the statutory period, the limitation does not begin to run until discovery of the injury is reasonably possible." *Id.,* 410 Pa. at 406, 189 A.2d at 270. Although this statement suggests that the discovery rule only applies when knowledge of the facts necessary to bring suit cannot reasonably be ascertained within the prescribed statute of limitations, no case has barred an action based on this rationale. In *Smith v. Bell Telephone Company of Pennsylvania,* 397 Pa. 134, 153 A.2d 477 (1959), the Supreme Court, in reversing a judgment of non-suit, held that whether or not plaintiffs should have reasonably discovered that defendant's underground conduit was the cause of his sewerage problems was a question for the jury. The Court stated:

"As for the statute of limitations, there seems to be no dispute here that the statute runs, on causes arising from subsurface injury, from the time of discovery of the cause of harm or the time when the cause of the harm reasonably should have been discovered, whichever is earlier." *Id.,* 397 Pa. at 141, 153 A.2d 481.

Subsequent cases have consistently held that application of the discovery rule provides the litigant with the full statutory period, commencing at the time of the discovery or when the discovery reasonably should have been made. *Ayers v. Morgan,* 397 Pa. 282, 154 A.2d 788 (1959); *Aberman v. Funk,* 278 Pa.Super. 385, 420 A.2d 594 (1980); *Grubb v. Albert Einstein Medical Center,* 255 Pa.Super. 381, 387 A.2d 480 (1978); *Acker v. Palena,* 260 Pa.Super. 214, 393 A.2d 1230 (1978).

The discovery rule has been limited in only two areas. In *Anthony v. Koppers Company,* 469 Pa. 119, 436 A.2d 181

---

**2.** In *Anthony v. Koppers,* 496 Pa. 119, 436 A.2d 181 (1981), the Supreme Court notes that references made in *Schaffer* to the discovery rule were dicta and are in no way binding. *Id.,* 496 Pa. at 123 n. 7, 436 A.2d at 184 n. 7.

(1981), the Supreme Court, in construing 12 P.S. 1603 [3] and 12 P.S. 34,[4] refused to extend the discovery rule to wrongful death and survival actions by holding that an injury could be discovered no later than death for the purposes of those causes of action.

Although statutes of limitation often work harsh results, the necessity of such line drawing is observed in every jurisdiction. However, to restrict the discovery rule to those cases where an injury is not discovered until after the expiration of the otherwise appropriate statute of limitations would, under certain forseeable circumstances, work absurd and arbitrary results. The unfairness inherent in granting a full two years to bring suit to someone who discovers his injury two years and one day from the date inflicted, while barring the claim of another who had the misfortune of discovering his injury just before his fresh start deadline, is the same type of result that the discovery rule was created to avoid. This purpose was aptly summarized by Chief Justice O'Brien in his dissent in *Anthony v. Koppers, supra:* "The discovery rule, therefore, is best seen as a judicial response to the anomalies which inevitably result from the wooden applications of statutes of limitations." *Id.,* 469 Pa. at 124, 436 A.2d at 185 (O'BRIEN, C.J. Dissenting).

■ The lower court misapplied the general rule that mere lack of knowledge is not sufficient to toll the statute of limitations. This rule only applies where the facts necessary to bring suit had been discovered, but knowledge that a cause of action brought on account of that injury would be successful was not obtained until after the statute of limitations had run. *See Wallace v. Horvath, supra,* 283 Pa.Superior Ct. at 184, 423 A.2d at 1050 (BROSKY, J. Concurring).

**3.** Repealed by Section 2(a)[310] of the Judiciary Act Repealer Act, Act of April 28, 1978, P.L. 202, effective June 27, 1978. *See* 42 Pa.C.S.A. 5524(2).

**4.** Repealed by Section 2(a)[807] of the Judiciary Act Repealer Act. *See* 42 Pa.C.S.A. § 5524(2).

■   We hold that the statute of limitations in this case was tolled until that date where the appellant reasonably ascertained that its tunnel had been damaged by appellee. Because a genuine issue of material fact exists as to whether appellant had knowledge of the alleged tortious conduct, or should have had knowledge through the exercise of due diligence, prior to June 27, 1978, summary judgment should not have issued.

Reversed and remanded for trial.

Jurisdiction is relinquished.