Jesse PERSON

v.

**Officer George KIEFFER, Badge No. 1954 Individually and as a Police Officer and Officer John Doe, Individually and as a Police Officer and Officer Richard Roe, Individually and as a Police Officer and W. Wilson Goode, Individually and as Managing Director of the City of Phila. and W.J. Green, Individually and as Mayor of the City of Philadelphia and City of Philadelphia.**

Civ. A. No. 86–320.

United States District Court,
E.D. Pennsylvania.

May 14, 1986.

Norman Shigon, Philadelphia, Pa., for plaintiff.

Agostino Cammisa, City of Philadelphia Law Dept., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

KATZ, District Judge.

This case raises interesting questions about the application of the statute of limitations to a mentally ill plaintiff.

Plaintiff claims that the defendant officers assaulted him by ordering their police dog to attack him. He contends that he was merely looking at books at a magazine stand nearby the entrance of the Suburban Train Station, at 16th Street and John F. Kennedy Boulevard, when the defendant officers first approached him. He alleges that the defendants subsequently ordered the canine attack when he attempted to exit the train station at 1600 Market Street.

Defendants, in their motion for summary judgment, contend that this action is barred by the statute of limitations. The question is whether there is a genuine issue of fact material to the timeliness of the complaint.

The statute of limitations in this civil rights case is Pennsylvania's two year limitation for "any ... action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct...." *See Smith v. City of Pittsburgh*, 764 F.2d 188 (3d Cir.), *cert. denied*, —— U.S. ——, 106 S.Ct. 349, 88 L.Ed.2d 297 (1985); *Knoll v. Springfield Township School District*, 763 F.2d 584 (3d Cir.1985); 42 Pa.C.S.A. § 5524(7) (Purdon Supp.1985).[1]

Although plaintiff's complaint alleges that these events transpired on December 22, 1983, defendants contend that they actually occurred on December 17, 1983. If defendants are correct, then plaintiff's suit is barred by the statute of limitations because it was initiated more than two years after the incident. Defendants submit police and hospital records pertaining to the incident in support of their argument.[2]

Plaintiff makes three responses to defendants' motion for summary judgment. First, he contends that defendants waived the statute of limitations defense. However, I granted defendants leave to amend their answer to raise the statute of limitations defense. Second, plaintiff disputes that the incident occurred on December 17, 1983. Third, plaintiff argues that he labors under a mental incapacity which tolls the running of the statute of limitations.

Plaintiff does not explain clearly the nature of the asserted mental incapacity. Plaintiff only asserts, without support of affidavits or other evidentiary material, the existence of a "defective mental personality," and "difficulty in remembering facts, dates and events." Plaintiff also asserts, again without support, that "[p]art of his problem was caused and/or aggravated by the facts alleged to have happened to him...."

The hospital records attached as exhibits to defendants' motion for summary judgment clarify, to some extent, the nature of the mental incapacity of plaintiff. The records state: "the patient was noted to be either psychotic or under the influence of mind altering substances. He had had an admission ... previously with a diagnosis of psychosis and he had been seen by Psychiatry.... [T]he most probable diagnosis was schizophrenia, although schizo affective disorder could not be ruled out." *See* D.Ex. C–2.

Assuming that plaintiff's mental condition has not changed and that it constitutes a "mental incapacity" in the legal sense, the statute of limitations nonetheless cannot be tolled solely because of the incapaci-

---

1. *Smith v. City of Pittsburgh*, 764 F.2d 188 (3d Cir.), *cert. denied*, —— U.S. ——, 106 S.Ct. 349, 88 L.Ed.2d 297 (1985), and *Knoll v. Springfield Township School District*, 763 F.2d 584 (3d Cir. 1985), held that the two year Pennsylvania limitation for personal injury actions applies to all section 1983 actions brought in Pennsylvania. This determination followed the Supreme Court's ruling in *Wilson v. Garcia*, —— U.S. ——, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), which rejected the method of choosing a statute of limitations by individual, ad hoc comparison of section 1983 actions to the "most analogous" state cause of action and its corresponding statute of limitations. *See Smith*, 764 F.2d at 192–93. Instead, *Wilson* instructed the federal courts to apply the state statute of limitations governing personal injury actions. *See id.* at 193.

*Wilson* was decided on April 17, 1985. This action was filed in December, 1985. *Wilson* therefore directly applies to this case. Because the "most analogous" cause of action in this case would be a personal injury action based upon negligent or intentional conduct, the result under the former statute of limitations analysis would be the same.

2. According to the police records, Officer Kieffer observed plaintiff trying to break into two automobiles parked at the Greyhound Terminal Tunnel at 1600 Market Street. He attempted to arrest plaintiff, but plaintiff resisted and threatened Kieffer. Kieffer released his dog, "and [Person] was grabbed by the right arm." Person threw the dog against a wall. Kieffer and Person continued to scuffle, and Person punched Kieffer on the left side of the head. Kieffer fell to the ground. The dog then attacked Person for a second time, and Kieffer was able to call for help. Both Kieffer and Person were taken to Hahnemann Hospital for treatment.

Defendants' exhibits confirm that plaintiff was injured by the police dog. The hospital records submitted by defendants include a description of "dog bite lacerations in the left upper arm, right forearm, left buttock, left hip and left calf." *See* D.Ex. B–1, B–3, & C–2.

ty. Under Pennsylvania law, the existence of a mental incapacity is not a defense to the statute of limitations. *See Walker v. Mummert*, 394 Pa. 146, 148–49, 146 A.2d 289, 290 (1958); 42 Pa.C.S.A. § 5533 (Purdon Supp.1985). If plaintiff's argument is that his disability caused him to make a mistake in dating the incident at issue, the result is the same. The Pennsylvania statute of limitations makes no allowance for "mere mistake, misunderstanding or lack of knowledge...." *Walters v. Ditzler*, 424 Pa. 445, 449, 227 A.2d 833, 835 (1967) (citing *Schaffer v. Larzelere*, 410 Pa. 402, 405, 189 A.2d 267, 269 (1963)).

Pennsylvania therefore subscribes to a "hard rule [of limitations] as a matter of legislative policy." *See Riddick v. Workmen's Compensation Appeal Board (the State Correctional Institution at Graterford)*, 92 Pa.Cmwlth. 263, 499 A.2d 694, 696–97 (1985). Nonetheless, some cases are exceptions to the rule. These cases are instead treated under the "discovery rule." [3] This rule is "based upon the recognition that if a party, despite the exercise of diligence, cannot ascertain his injury, the statute of limitations *should not* run against his claim." *Anthony v. Koppers Co., Inc.*, 284 Pa.Super. 81, 89, 425 A.2d 428, 432 (Pa.Super.Ct.1980) (emphasis in original), *rev'd*, 496 Pa. 119, 436 A.2d 181 (1981) (holding discovery rule inapplicable to wrongful death and survival actions). It is a "judicially created rule generally applicable to all statutes of limitations and to all cases where the injury or its cause is not immediately evident." *Id.* at 95, 425 A.2d at 436.

Statutes of limitations impose upon plaintiffs the general duty "to use all reasonable diligence to properly inform" themselves "of the facts and circumstances upon which the right of recovery is based and to institute the suit within the prescribed statutory period...." *See Schaffer v. Larzelere*, 410 Pa. 402, 405, 189 A.2d 267, 269 (1963) (citations omitted). Application of the discovery rule accordingly turns upon the reasonableness of the plaintiff's diligence in ascertaining the facts giving rise to the cause of action. *See Gemignani v. Philadelphia Phillies National League Baseball Club*, 287 F.Supp. 465, 467 (E.D.Pa.1967); *Pocono International Raceway, Inc. v. Pocono Produce, Inc.*, 503 Pa. 80, 85, 468 A.2d 468, 471 (1983). Most applications of the discovery rule concern a plaintiff's inability to discover the injury, or cause of injury, at issue. *See Anthony*, 284 Pa.Super. 81, 425 A.2d 428 (citing examples of discovery rule cases); *see also Pocono International Raceway*, 503 Pa. at 85, 468 A.2d at 471 (describing plaintiff's diligence in learning of injury as "salient point"). Nonetheless, the general rule governing all statutes of limitations questions is one of "reasonable diligence;" therefore, the discovery rule logically applies to all facets of the plaintiff's timeliness in discovering a cause of action, including the determination of the date of injury. *Cf. Bayless v. Philadelphia National League Club*, 579 F.2d 37, 41 (3d Cir.1978) (discovery rule applies to plaintiff's determination of what or who hurt him).

It is therefore appropriate in this case to examine the reasonableness of Mr. Person's efforts to identify the date of his injuries. Although a mental disability cannot toll the statute of limitations, it is "among the many factors which can be weighed ... in determining the time of discovery, insofar as that condition was caused by the defendant." *See Greenberg v. McCabe*, 453 F.Supp. 765 & n. 1 (E.D.Pa. 1978), *aff'd*, 594 F.2d 854 (3d Cir.), *cert. denied*, 444 U.S. 840, 100 S.Ct. 78, 79, 62 L.Ed.2d 51 (1979). That is, mental disabilities caused by a defendant may be considered in evaluating the reasonableness of plaintiff's diligence. *Id.* at 768–69. This does not conflict with the general tort prin-

---

**3.** For a thorough discussion of the evolution of the discovery rule, see *Anthony v. Koppers Co., Inc.*, 284 Pa.Super. 81, 425 A.2d 428 (Pa.Super. Ct.1980), *rev'd*, 496 Pa. 119, 436 A.2d 181 (1981) (holding discovery rule inapplicable to wrongful death and survival actions). *See also* W. Keeton, D. Dobbs, R. Keeton & D. Owen, *Prosser and Keeton on The Law of Torts*, 165–68 (5th ed. 1984).

ciple that reasonableness is measured with reference to objective standards, because "[a]t issue is the objective effect of the defendant's [conduct] on discoverability by a reasonable person...." *Id.* at 769. "[T]he statutory period does not begin to run if ... the plaintiff's failure of discovery, objectively determined, is brought about by the very nature of the defendant's conduct." *Id.*

In this case, plaintiff's complaint alleges that defendants caused him "mental pain and anguish," and "severe emotional abuse and distress." Similarly, plaintiff's response to defendants' motion for summary judgment contends that the incident at issue exacerbated or caused the psychiatric difficulties impeding his recollection of the date of the incident. Defendants' papers do not address this point.

■ The issue of reasonable diligence under the discovery rule is a question of fact for the jury. *See id.* at 767–69; *Taylor v. Tukanowicz*, 290 Pa.Super. 581, 585–86, 435 A.2d 181, 183–84 (Pa.Super.Ct.1981) (denying summary judgment due to genuine issue of material fact regarding when discovery or injury reasonably became possible). A grant of summary judgment in favor of defendants in this case therefore is inappropriate, because defendants have failed to show the absence of a genuine issue of fact material to the statute of limitations question. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); F.R.Civ.P. 56(c). Specifically, the jury must determine the objective effect of defendants' conduct on plaintiff's reasonable discovery of the date of his injury. *See Greenberg*, 453 F.Supp. at 769.

■ Summary judgment is also inappropriate because there is a real question regarding the credibility of the evidentiary material supporting defendants' claim that the incident at issue occurred on December 17, 1983. *See* 6 J. Moore, W. Taggart & J. Wicker, *Moore's Federal Practice*, ¶ 56.-15[3] (2d ed. 1985) (there must be no real question of credibility of evidentiary material). Defendants' exhibits in support of their motion for summary judgment give several different dates for the incident. *See, e.g.,* D.Ex. B–1 (12/17/83); D.Ex. B–3 at p. 2 (12/20/83); D.Ex. C–2 (12/18/83). Therefore, the case is not one in which the evidentiary material proferred by defendants can be taken as true with respect to the contested issue. *See* 6 J. Moore, W. Taggart & J. Wicker, *supra,* at ¶ 56.15[3].

### ORDER

AND NOW, this 14th day of May, 1986, for the reasons stated in the accompanying memorandum, it is hereby ORDERED that defendants' motion for summary judgment is DENIED.