### Caleb M. HARRIS,

v.

### O'CONNOR TRUCK SALES, INC.

### No. CIV. A. 00–5040.

United States District Court,
E.D. Pennsylvania.

March 28, 2001.

Charles E. Shoemaker, Jr., Allentown, PA, for plaintiff.

Jeffrey C. Sotland, Mintzer, Sarowitz, Zeris & Ledva, Philadelphia, PA, for defendant.

## *MEMORANDUM AND ORDER*

KELLY, District Judge.

Presently before the Court is a Partial Motion to Dismiss filed by the Defendant, O'Connor Truck Sales, Inc. ("O'Connor"). The Plaintiff, Caleb M. Harris ("Harris"), filed suit in state court, alleging fraud, misrepresentation, negligence, breach of contract and a violation of state law. The case was subsequently removed to federal court. O'Connor now seeks to have portions of the Complaint dismissed for failure to state a claim upon which relief may be granted. For the following reasons, O'Connor's motion is granted in part and denied in part.

## I. *BACKGROUND*

Accepting as true the facts alleged in Harris's Complaint and all reasonable inferences that can be drawn from them, the facts of the case are as follows. Harris is a citizen and resident of the Commonwealth of Pennsylvania. O'Connor is a Delaware corporation having its principal place of business in a state other than Pennsylvania. On June 9, 1997, Harris bought a Freightliner Tractor, Model FLD12064ST ("the Tractor"), from O'Connor. During negotiations with Harris, O'Connor repeatedly represented that the Tractor's odometer reading of 175,720 miles was accurate. The Tractor's actual mileage at the time of sale, however, was approximately 423,399 miles. Some time earlier, the Tractor's speedometer had been replaced; during that procedure, the odometer had been reset to zero miles.[1]

After Harris purchased the Tractor, it suffered numerous mechanical failures.

These required Harris to pay for repairs and made it impossible for him to work for some time. Harris alleges that O'Connor knew the correct mileage of the Tractor, and that its representations to him were negligently, knowingly, or intentionally false.

On June 14, 2000,[2] over three years after buying the Tractor, Harris brought suit in state court by filing a Writ of Summons. Harris alleged various counts of fraud, misrepresentation, breach of express and implied warranties and other violations of Pennsylvania law. The case was subsequently removed to federal court, and Harris filed his federal Complaint on January 27, 2001. Count I of the Complaint alleges intentional misrepresentation and fraud, Count II alleges negligent misrepresentation, Count III alleges innocent misrepresentation, Count IV alleges negligence, Count V alleges breach of contract and Count VI alleges tampering with odometers in violation of Pennsylvania law. O'Connor subsequently filed the instant Partial Motion to Dismiss, which the Court will now consider.

## II. *STANDARD OF REVIEW*

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of a complaint. *Sturm v. Clark,* 835 F.2d 1009, 1011 (3d Cir.1987). A complaint may be dismissed for failure to state a claim upon which relief may be granted if the facts pleaded, and reasonable inferences therefrom, are legally insufficient to support the relief requested. *Commonwealth ex rel. Zimmerman v. PepsiCo, Inc.,* 836 F.2d 173, 179 (3d Cir.1988). In considering

---

1. Harris's Complaint does not allege who reset the odometer or whether that action was intentional.

2. O'Connor incorrectly states the date of the Writ of Summons twice, as either June 9 or June 20, 2000. *See* Def.'s Partial Mot. to Dismiss at 1; Def.'s Mem. in Supp. of Partial Mot. to Dismiss at 1.

whether to dismiss a complaint for failing to state a claim upon which relief can be granted, the court may consider those facts alleged in the complaint as well as matters of public record, orders, facts in the record and exhibits attached to the complaint. *Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1391 (3d Cir.1994). The court must accept those facts, and all reasonable inferences drawn therefrom, as true. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). Moreover, the complaint is viewed in the light most favorable to the plaintiff. *Tunnell v. Wiley,* 514 F.2d 971, 975 n. 6 (3d Cir.1975). In addition to these expansive parameters, the threshold a plaintiff must meet to satisfy pleading requirements is exceedingly low; a court may dismiss a complaint only if the plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

## III. *DISCUSSION*

O'Connor argues that the Court should dismiss Counts I, II, III, IV and VI of Harris's Complaint.[3] First, O'Connor suggests that Counts I through IV, which contain Harris's various fraud, misrepresentation and negligence claims, are barred by the applicable statute of limitations. Second, O'Connor argues that the economic loss doctrine precludes Harris from recovering his economic losses under the negligence theory contained in Count IV. Finally, O'Connor states that the relevant Pennsylvania statute, a violation of which is alleged in Count VI, is inapposite to this case. The Court will address each argument in turn.

### A. *The Statute of Limitations*

■ O'Connor argues that the fraud, misrepresentation and negligence claims contained in Counts I through IV of Harris's Complaint are time-barred. Under Pennsylvania law, the applicable statute of limitations for these claims is two years. 42 Pa. Cons.Stat. § 5524(2), (7). Harris clearly commenced his suit against O'Connor more than two years after he executed the contract to purchase the Tractor. Harris suggests that, under the discovery rule, his claims are not time-barred. The discovery rule states that, in certain types of cases, the statute of limitations does not begin to run until a plaintiff discovers, or reasonably should have discovered, his injuries. *See, e.g., Schaffer v. Larzelere,* 410 Pa. 402, 189 A.2d 267, 269 (1963), *overruled on other grounds Anthony v. Koppers,* 496 Pa. 119, 436 A.2d 181 (1981). Assuming the discovery rule applies to this case,[4] and Harris's Tractor broke down within two years before he filed suit, his claims would not be time-barred because he would have filed suit within two years after the statute of limitations began to run. Nevertheless, Harris fails to cite, in either the Complaint or his Response to O'Connor's Motion to Dismiss, when the Tractor began to suffer the alleged mechanical failures. Without those dates, the Court cannot determine when Harris discovered, or reasonably should have discovered, his injuries. Although Harris does not provide the Court with those essential dates, the Court can reasonably infer that the Tractor's mechanical difficulties began some time after Harris bought the Tractor. The exact date on which Harris had

---

**3.** O'Connor has not argued that the Court should dismiss Count V of Harris's Complaint, which alleges breach of contract. That Count will therefore survive the instant Motion to Dismiss.

**4.** Neither party briefed the issue of whether the discovery rule actually applies to the case at bar.

notice of his injuries is contained in neither the Complaint nor in O'Connor's Motion to Dismiss, and the Court has no way to know exactly how long it took for his injuries to manifest. This information is vital to the issue before the Court. Given the procedural posture of this case, and the fact that little discovery been conducted, the Court will deny without prejudice O'Connor's motion with regard to the statute of limitations, allowing it to refile the motion at a later date if it elects to do so.[5]

### B. The Economic Loss Doctrine

 Assuming that Harris's negligence claim is not time-barred, O'Connor contends that the economic loss doctrine precludes Harris from recovering his economic losses under a negligence theory. Count IV of Harris's Complaint, which alleges negligence, seeks recovery in the amount of: (1) $20,400.00, the difference between the fair market value of the Tractor and what he paid for it; (2) $3,472.00, representing additional finance costs incurred; and (3) $25,000.00, Harris's lost income. These damages are purely economic in nature. *See, e.g., Consumers Power Co. v. Curtiss-Wright Corp.*, 780 F.2d 1093, 1098–99 (3d Cir.1986). Harris did not allege any actual damage to his person or property resulting from O'Connor's negligent misrepresentation.[6] Absent proof of such harm, the economic loss doctrine bars a plaintiff from recovering purely economic losses suffered as a result of a defendant's negligent or otherwise tortious behavior. *See, e.g., Moore v. Pavex, Inc.*, 356 Pa.Super. 50, 514 A.2d 137, 139 (1986); *Aikens v. Baltimore R.R.*, 348

Pa.Super. 17, 501 A.2d 277, 279 (1985); *see also Public Serv. Enter. Group, Inc. v. Philadelphia Elec. Co.*, 722 F.Supp. 184, 193 (D.N.J.1989). Although the economic loss doctrine does not apply to negligence claims grounded upon a contractually imposed duty, *id.* at 196–99, Harris did not allege the existence of such a duty. Therefore, Harris cannot recover his economic losses under a negligence theory, and Count IV of Harris's Complaint will be dismissed.

### C. The Pennsylvania Odometer Disclosure Law

 Finally, O'Connor argues that the Tractor, which both parties agree weighs in excess of 16,000 pounds, is exempt from the requirements of the Pennsylvania Odometer Disclosure Law, 75 Pa. Cons. Stat. §§ 7131–7139. Under that statute, which has a statute of limitations of five years,

> A person who, with intent to defraud, violates any requirement under this subchapter shall be liable in an amount equal to the sum of three times the amount of actual damages sustained [by the plaintiff] or $3,000, whichever is the greater, and, in the case of any successful action to enforce this liability, the costs of the action together with reasonable attorney fees as determined by the court.

*Id.* § 7138(a). The focus of Count VI of Harris's Complaint is the allegedly fraudulent odometer reading disclosure that O'Connor provided, which would implicate section 7134. That section requires that,

---

**5.** Such a motion should include the precise dates on which the Tractor began to break down, as well as a discussion of whether the discovery rule applies to the instant case.

**6.** Although the Tractor's mechanical failures could qualify as property damage, they are

not a proximate result of O'Connor's negligently representing the accuracy of the odometer reading; they would have occurred even absent those representations, albeit, perhaps, to another owner.

"[p]rior to or simultaneously with the execution of any ownership transfer document relating to a motor vehicle, each transferor of a motor vehicle shall furnish to the transferee a written statement signed by the transferor containing ... the odometer reading at the time of transfer." *Id.* § 7134(a)(1). It also provides that "[n]o transferor shall ... give a false statement to a transferee in making any disclosure required by this section." *Id.* § 7134(b)(1). O'Connor correctly notes, however, that the plain language of this section explicitly exempts the transfer of very large vehicles like the Tractor at issue in this case. *See id.* § 7134(e)(1) ("A transfer of any of the following types of motor vehicles is exempt from the requirements of this section: (1) A motor vehicle having a registered gross weight of more than 16,000 pounds...."). Therefore, even if the representations in the written odometer disclosure were false when made, O'Connor is exempt from liability under this section of the statute. Harris concedes that the statute did not require O'Connor to provide an odometer disclosure statement when he sold the Tractor to Harris. Rather, Harris contends that O'Connor's voluntary disclosure subjects him to statutory liability despite that exemption. Harris offers no support, either statutory or case driven, for this proposition. Indeed, an analysis of the statute itself indicates otherwise; liability under this section attaches only to disclosures "required by this section." *Id.* § 7134(b)(1). As O'Connor's disclosure was voluntary rather than required, it cannot give rise to liability under this section of the statute.

■ That does not mean, however, that O'Connor is exempt from all liability under the statute. The exemption on which O'Connor relies clearly extends only to "the requirements of this section," meaning section 7134. *Id.* § 7134(e)(1). Therefore, O'Connor is not exempt from the requirements of other sections of the Pennsylvania Odometer Disclosure Law. For example, the statute also prohibits conspiring to violate the statute's requirements, *see id.* § 7136, resetting the odometer of any motor vehicle with the intent to change its mileage, *see id.* § 7132(b), and failing to give notice of an odometer adjustment or removing such notice from a motor vehicle. *See id.* § 7133(b)(1)-(2). That the Tractor weighed more than 16,000 pounds does not exempt O'Connor from these prohibitions, a fact that neither party addresses. The question therefore becomes whether the facts alleged in the Complaint could possibly give rise to liability under any of those three statutory provisions. The Court finds that they do not.

Harris's Complaint alleges that O'Connor represented that the odometer reading was correct. Plf.'s Compl. ¶ 2. Harris alleges that those representations were knowingly false when made, and were intended to induce Harris into buying the Tractor. *See id.* ¶¶ 6, 9. Harris also claims that O'Connor failed to disclose that Tractor's odometer had been reset to zero miles. *See id.* ¶ 7. A reasonable inference from that allegation would be that O'Connor knew that someone had reset the odometer.

These allegations do not give rise to liability under any of the other applicable provisions of the Pennsylvania Odometer Disclosure Law. First, Harris has not alleged the existence of a conspiracy, nor has he identified any actors other than the Defendant, a corporate entity. Harris has therefore not pleaded facts sufficient to establish the existence of a conspiracy to violate any provision of the statute. *See* 75 Pa. Cons.Stat. § 7136.

Second, Harris has not alleged that O'Connor reset the odometer itself. Al-

though it could be reasonably be inferred from the Complaint that O'Connor knew that someone has reset the odometer, nowhere does Harris suggest that O'Connor reset it. Therefore, O'Connor could not be liable under the provision of the statute prohibiting the intentional resetting of an odometer in order to change a vehicle's mileage. *See id.* § 7132(b). Nor, for that matter, has Harris alleged facts sufficient to support a claim for violation of section 7132(d), which prohibits altering a true mileage statement. *See id.* § 7132(d).

Finally, the facts alleged would not support liability under section 7133(b)(1) and (2). Those sections prohibit "fail[ing] to adjust an odometer or affix a notice regarding the adjustment," *id.* § 7133(b)(1), and removing or altering any notice of adjustment with the intent to defraud. *Id.* § 7133(b)(2). Again, although the facts alleged support an inference that O'Connor knew the odometer had been reset, they do not support a reasonable inference that O'Connor failed to affix the appropriate notice to the Tractor or removed or altered any such notice. Such facts should have been pleaded specifically in order to support a claim under those statutory provisions.

Accordingly, no statutory liability can be made out from O'Connor's alleged actions. Rather, liability for such acts must arise from common law claims such as fraud, misrepresentation or breach of contract. Harris's claim arising under the Pennsylvania Odometer Disclosure law is therefore dismissed. Harris's claim for attorneys fees, which was based solely on a violation of that statute, is also dismissed.

### ORDER

**AND NOW,** this day of March, 2001, in consideration of the Partial Motion to Dismiss filed by the Defendant, O'Connor Truck Sales, Inc. (Doc. No. 4), the Response of the Plaintiff, Caleb M. Harris, it is **ORDERED** that:

1. Defendant's Partial Motion to Dismiss is **GRANTED IN PART.**

 a. Counts IV and V of Plaintiff's Complaint are **DISMISSED.**

2. The remainder of Defendant's Partial Motion to Dismiss is **DENIED IN PART.**

 a. With regard to Counts Counts I through III, Defendant's Partial Motion to Dismiss is **DENIED** without prejudice.

 b. Plaintiff may proceed with the breach of contract claim contained in Count V of his Complaint.