491 A.2d 841

**Helen F. PASTIERIK, Executrix of the Estate of Paul P. Pastierik, Deceased, Appellant,**

v.

**DUQUESNE LIGHT CO.**

**Helen F. PASTIERIK, Executrix of the Estate of Paul P. Pastierik, Deceased, Appellant,**

v.

**JOHNS–MANVILLE CORPORATION, a Corporation, Keene Corporation, Successor in interest to Baldwin-Ehret-Hill, Inc., a Corporation, Owens Corning Fiberglas, a Corporation, Owens-Illinois, Inc., a Corporation; the Celotex Corporation, Successor in interest to Philip Carey Manufacturing Corporation, Philip Manufacturing Company, Briggs Manufacturing Company and Panacon Corporation, a Corporation; Eagle Picher Industries, Inc., a Corporation, Raybestos Manhattan, Inc., a Corporation; Armstrong Cork Company, a Corporation, Forty-Eight Insulations, a Corporation, American Industrial Contracting, Inc., a Corporation; Industrial Furnace Supplies, Inc., a Corporation; George V. Hamilton, Inc., a Corporation; Acands, Inc., a Corporation; and Atlas Asbestos Company, a Corporation.**

Superior Court of Pennsylvania.

Argued Oct. 2, 1984.

Filed March 8, 1985.

Reargument Denied May 17, 1985.

330

Edwin H. Beachler, Pittsburgh, for appellant.
John A. Lee, Pittsburgh, for appellee (at 153).

Patrick R. Riley, Pittsburgh, for appellees (at 211).

Before BROSKY, TAMILIA and ROBERTS, JJ.

PER CURIAM:

This consolidated appeal is taken from the grant of judgments on the pleadings in favor of appellees. Because we conclude that the court erred in dismissing appellant's wrongful death and survival actions as time-barred, we vacate the judgments, and remand with instructions to reinstate the complaints.

Appellant's husband died on April 4, 1978. Appellant filed a complaint on August 11, 1981, alleging decedent's death from carcinoma of the lung, caused by exposure to asbestos in the course of his employment by appellee Duquesne Light. Appellant filed a second suit on October 20, 1981, alleging that decedent died of carcinoma caused by his exposure to asbestos products manufactured, sold, and supplied by the appellee-asbestos manufacturers. In both actions, appellant alleged that she did not know and reasonably could not have known that decedent's death was caused by his exposure to asbestos products until March 1981, and that the actions were thus timely filed.

The court concluded that the two year statute of limitations began to run from the date of decedent's death. Appellant argued for the application of the "discovery rule" to toll the statute of limitations, based on her inability to discover the cause of decedent's death. The court rejected this argument, holding that the actions were barred, because filed more than two years after decedent's death.

■ Our Supreme Court has recognized the equitable application of the discovery rule to toll the running of the statute of limitations in cases in which the plaintiff is unable, despite the exercise of due diligence, to know of an injury or its cause. See *Pocono International Raceway, Inc. v. Pocono Produce, Inc.*, 503 Pa. 80, 468 A.2d 468 (1983). In "creeping disease" cases, involving diseases contracted from exposure to hazardous substances, the statute

of limitations begins to run when the plaintiff knows or reasonably should know: (1) that he has been injured, and (2) that his injury has been caused by another party's conduct. *Cathcart v. Keene Industrial Insulation*, 324 Pa.Super. 123, 135, 471 A.2d 493, 500 (1984) (en banc).

■ The equitable foundation of the discovery rule generally is no less sound in the context of wrongful death and survival actions. See *Anthony v. Koppers*, 284 Pa.Super. 81, 425 A.2d 428 (1980), reversed 496 Pa. 119, 436 A.2d 181 (1981) (prior statute of limitations).[1] It seems clear that to permit the discovery rule if the allegedly tortious conduct results in personal injury, but to deny its application if the allegedly tortious conduct causes death, would be unjust.[2]

■ It is thus apparent that the court erred in granting judgment on the pleadings and dismissing appellant's complaints. Because the discovery rule is properly applicable to these wrongful death and survival actions, the question of the timeliness of the action must be resolved by determining when appellant knew or reasonably should have known that decedent was injured and that his injury had been caused by another party's conduct.

1. See Act of April 26, 1855, § 2, P.L. 309, 12 P.S. § 1603, *repealed by* Judiciary Act Repealer Act, Act of April 28, 1978, § 2(a)[310], P.L. 202, effective June 27, 1978 (wrongful death actions), and Act of June 24, 1895, § 2, P.L. 236, 12 P.S. § 34, *repealed by* Judiciary Act Repealer Act, § 2(a)[807] (survival actions). The suits involved in the present appeal were filed pursuant to 42 Pa.C.S.A. § 8301 (wrongful death actions) and 42 Pa.C.S.A. § 8302 (survival actions). The applicable statute of limitations is found at 42 Pa.C.S.A. § 5524(2). See 42 Pa.C.S.A. § 5502 for the method of computing periods of limitation under Chapter 55.

2. Recently, this Court approved the use of the discovery rule in a suit in which plaintiff's decedent had filed the complaint himself, and his wife and executrix was substituted as plaintiff upon his death. See *Berardi v. Johns-Manville Corp.*, 334 Pa.Super. 36, 482 A.2d 1067 (1984). The court affirmed the trial court's grant of summary judgment, based on its finding that decedent filed suit two and one-half years after he clearly had knowledge of his disease and its cause, and thus six months after the two year statute of limitations period had run.

Accordingly, we vacate the judgments, and remand with instructions to reinstate the complaints.

Jurisdiction relinquished.