495 A.2d 598

Edith SYMBULA, Administratrix of the Estate of Joseph J.
Symbula, Deceased and Edith Symbula In Her
Own Right, Appellants,

v.

JOHNS-MANVILLE CORPORATION and Johns-Manville Sales
Corp., Raybestos-Manhattan, Inc., Owens-Corning Fiberglas
Corp., Forty-Eight Insulation, Inc., Nicolet Industries, Inc.,
Pittsburgh Corning Corp., GAF Corp., Celotex Corp., Arm-
strong Cork Company, Unarco Industries, Inc., H.K. Porter
Co., Inc., Southern Asbestos Company, Eagle-Picher Indus-
tries, Inc., Amatex Corp., Delaware Asbestos and Rubber
Company, Pacor, Inc., Fibreboard Corp., Keene Corp., Gar-
lock, Inc., J.P. Stevens, Inc., Turner-Newall, Ltd.

Superior Court of Pennsylvania.

Submitted March 27, 1985.

Filed June 28, 1985.

542

---

Martin Greitzer, Philadelphia, for appellants.

Daniel J. Ryan, Jr., Philadelphia, for appellees.

Before TAMILIA, LIPEZ and SHIOMOS, JJ.*

TAMILIA, Judge:

This is an appeal from the entry of an Order of summary judgment in the Court of Common Pleas of Philadelphia County. We affirm the Order of summary judgment in favor of appellees regarding the wrongful death action. Because we conclude that the lower court erred in dismissing appellants' survival action as time-barred, we vacate the Order of summary judgment regarding the survivial action and remand with instructions to reinstate the complaint.

Summary judgment should be entered only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Pa.R.Civ.P. 1035. In deciding whether this is so, a court must view the evidence in the light most

---

* Judge Thomas N. Shiomos, Senior Judge, of the Court of Common Pleas of Philadelphia County, Pennsylvania, is sitting by designation.

favorable to the non-moving party, and enter judgment only if the case is clear and free from doubt.

*Berardi v. Johns-Manville, Corp.*, 334 Pa.Super. 36, 38–39, 482 A.2d 1067, 1068–69 (1984), quoting *Acker v. Palena*, 260 Pa.Super. 214, 393 A.2d 1230 (1978).

Appellant's husband died on September 27, 1976. Appellant commenced a wrongful death [1] and survival action [2] on January 24, 1979, alleging decedent's death from injuries caused by exposure to asbestos and asbestos products manufactured, sold, and supplied by appellees during the course of his employment at the Philadelphia Naval Shipyard and elsewhere. The lower court held that the wrongful death action was time-barred under 12 P.S. § 1603, the one year statute of limitations applicable to wrongful death actions,[3] and that the survival action was time-barred under 12 P.S. § 34, the two year statute of limitations.[4] The court further held that the "discovery rule" was not applicable to toll the limitations periods, citing *Anthony v. Koppers*, 284 Pa.Super. 81, 425 A.2d 428 (1980), reversed 496 Pa. 119, 436 A.2d 181 (1981), and thus, appellant could not seek to toll the statutes of limitations based on her inability to discover the cause of decedent's death.

1. 42 Pa.C.S.A. § 8301.

2. 42 Pa.C.S.A. § 8302.

3. *See* Act of April 26, 1855, § 2, P.L. 309, 12 P.S. § 1603, (an "action for wrongful death shall be brought within one year after the death, and not thereafter"), *repealed by* Judiciary Act Repealer Act of April 28, 1978, § 2(a)[310], P.L. 202, effective June 27, 1978.

   The limitation period for a wrongful death action is now two years, and is codified at 42 Pa.C.S.A. § 5524(2). *See* 42 Pa.C.S.A. § 5502 for the method of computing periods of limitation under Chapter 55.

4. *See* Act of June 24, 1895, § 2, P.L. 236, 12 P.S. § 34, *repealed by* Judiciary Act Repealer Act, § 2(a)[807].

   Every suit hereafter brought to recover damages for injury wrongfully done to the person, in case where the injury does not result in death, must be brought within two years from the time when the injury was done and not afterwards; in cases where the injury does result in death the limitation of action shall remain as now established by law.

   The limitation period for this cause of action is two years, codified at 42 Pa.C.S.A. § 5524(2).

Recently in *Pastierik v. Duquesne Light Co.*, 341 Pa.Super. 329, 331–332, 491 A.2d 841, 842 (1985), we stated:

Our Supreme Court has recognized the equitable application of the discovery rule to toll the running of the statute of limitations in cases in which the plaintiff is unable, despite the exercise of due diligence, to know of an injury or its cause. See *Pocono International Raceway, Inc. v. Pocono Produce, Inc.*, 503 Pa. 80, 468 A.2d 468 (1983). In "creeping disease" cases, involving diseases contracted from exposure to hazardous substances, the statute of limitations begins to run when the plaintiff knows or reasonably should know: (1) that he has been injured, and (2) that his injury has been caused by another party's conduct. *Cathcart v. Keene Industrial Insulation*, 324 Pa.Super. 123, 135, 471 A.2d 493, 500 (1984) (en banc).

The equitable foundation of the discovery rule generally is no less sound in the context of wrongful death and survival actions. See *Anthony v. Koppers*, 284 Pa.Super. 81, 425 A.2d 428 (1980), reversed 496 Pa. 119, 436 A.2d 181 (1981) (prior statute of limitations). It seems clear that to permit the discovery rule if the allegedly tortious conduct results in personal injury, but to deny its application if the allegedly tortious conduct causes death, would be unjust. (footnotes omitted)

In *Pastierik*, the decedent died on April 4, 1978, two months before the effective date of the Judicial Code statute of limitations (June 27, 1978, 42 Pa.C.S.A. § 5524(2) ), and a wrongful death and survival action was commenced on August 11, 1981, alleging decedent's death from carcinoma caused by exposure to asbestos and asbestos products manufactured, sold and supplied by asbestos manufacturers during his course of employment. The lower court dismissed the action as time-barred, as the applicable statutes of limitations began to run from the date of decedent's death and rejected the application of the "discovery rule" to toll the statutes of limitations. We vacated the judgments

entered on the pleadings, and remanded the case so that the personal representative could assert the "discovery rule" under 42 Pa.C.S.A. § 5524(2) since the actions were not fully barred under the prior statutes of limitations within the meaning of § 25(b) of the Judiciary Act of 1976.[5] We recognized the critical difference that the current statute of limitations measures the limitations period from the "accrual" of the "cause of action" when the repealed version controlling in *Anthony v. Koppers, supra,* used the dates of "death" and "injury". *See Powell v. Johns-Manville Corp.,* 342 Pa.Super. 544, 493 A.2d 724 (1985); *McGowan v. University of Scranton,* 759 F.2d 287 (3rd. Cir.1985).

Hence, the rule that emerges from *Pastierik* is that the "discovery rule" is applicable where the action is commenced after the effective date of the Judicial Code statute of limitations, and the decedent's date of death was on or after June 26, 1977, with regard to wrongful death actions, and on or after June 26, 1976, with regard to survival actions, as both actions would be governed by the Judicial Code statute of limitations, 42 Pa.C.S.A. § 5524(2), since the actions would not be fully barred before the effective date of the Judicial Code.

■ Applying this rule to the instant case, the "discovery rule" is not properly applicable to the wrongful death action since the decedent died on September 27, 1976, and the action was fully barred under the prior statute of limitations. *Anthony v. Koppers, supra.* Hence, the lower court did not err in entering summary judgment in favor of appellees on appellant's wrongful death action.

However, the "discovery rule" is properly applicable in the survival action since this action was not fully barred

**5.** The Judiciary Act of 1976 provides in pertinent part that "[n]o cause of action fully barred prior to the effective date of this act shall be revived by reason of the enactment of this act." Act of 1976, of July 9, P.L. 586, § 25(b) (reprinted at 42 Pa.C.S.A. § 5524 (Purdon 1981)). 42 Pa.C.S.A. § 5524(2) provides that suit must be commenced within two years "from the time the cause of action accrued."

prior to the effective date of the Judicial Code as the decedent died on September 27, 1976. So far as appears in the record, the decedent, despite due diligence, did not know the cause of his injury before his death. It follows that his personal representative may sue for his injuries until the expiration of a period of two years from "the time the cause of action accrued." 42 Pa.C.S.A. § 5524(2).

Thus, it is apparent that the lower court erred in granting summary judgment in favor of appellees in the survival action. Because the discovery rule is applicable to the survival action, the question of the timeliness of the action must be resolved by determining when appellant knew or reasonably should have known that the decedent was injured and that his injury had been caused by another party's conduct. *Cathcart v. Keene Industrial Insulation*, 324 Pa.Super. 123, 135, 471 A.2d 493, 500 (1984) (en banc).

[2] Accordingly, we affirm the order of summary judgment in favor of appellees regarding the wrongful death action. We vacate the order of summary judgment in favor of appellees regarding the survival action, and remand with instructions to reinstate the complaint.[6]

Jurisdiction relinquished.

**6.** Appellant also contends that: (1) admiralty law and the doctrine of laches apply in this case; (2) the application of the statutes of limitations without a "discovery rule" renders the statutes unconstitutional on equal protection and due process grounds; and (3) appellees' failure to warn the users of asbestos products of their inherent hazards should estop them from asserting a statute of limitations defense. The first two issues have been decided adversely to appellant's position. *See Gravinese v. Johns-Manville, Corp.*, 324 Pa.Super. 432, 471 A.2d 1233 (1984); *Volpe v. Johns-Manville, Corp.*, 323 Pa.Super. 130, 470 A.2d 164 (1983). The third issue is meritless since neither the pleadings nor the record discloses any evidence that would create an issue of fraud or concealment to estop appellees from asserting a statute of limitations defense. *See Gravinese v. Johns-Manville, Corp., supra.*