511 A.2d 239

Marie MIHALCIK, Administratrix of the Estate of Andrew Mihalcik and Marie Mihalcik on her own behalf, Appellant,

v.

CELOTEX CORP. Bell Asbestos Mines, Ltd. Carey Canadian Mines, Ltd. Johns-Manville Corp. Johns-Manville Prods. Corp. Canadian Johns-Manville Co., Ltd. Canadian Johns-Manville Mining Co., Ltd. Canadian Johns-Manville Asbestos, Ltd. Johns-Manville Canada, Inc. Owens-Corning Fiberglas Corp. Flintkote Company Pacor, Inc. Amatex H.K. Porter Co., Inc. Kay Asbestos, Forty-Eight Insulations, Inc., Eagle-Picher Ind., Inc. George A. Rowley & Co., Empire Ace Co.

Helen PETACCIO, Executrix of the Estate of Armand Petaccio and Helen Petaccio on her own behalf, Appellant,

v.

CELOTEX CORP., Bell Asbestos Mines, Ltd., Carey Canadian Mines, Ltd. Johns-Manville Corp. Johns-Manville Prods. Corp. Canadian Johns-Manville Co., Ltd., Johns-Manville Sales Corp. Owens-Illinois, Inc. Canadian Johns-Manville Mining Co., Ltd. Canadian Johns-Manville, Asbestos, Ltd. Johns-Manville Canada Inc. Owens-Corning Fiberglas Corp. Flintkote Company, Pacor, Inc. Amatex, H.K. Porter Co., Inc. Kay Asbestos Forty-Eight Insulations, Inc. Eagle-Picher Ind., Inc. George A. Rowley & Co. Empire Ace Co.

Marion Dorsey STEWART, Administratrix of the Estate of David Dorsey and Marion D. Stewart on her own behalf, Appellant,

v.

CAREY CANADIAN MINES, LTD. Quebec Asbestos Corp. Johns-Manville Corp., Johns-Manville Prods. Corp., Canadian Johns-Manville Co., Ltd. Johns-Manville Sales Corp., Canadian Johns-Manville Mining Co., Ltd., Canadian Johns-Manville Asbestos, Ltd., Johns-Manville Canada, Inc. Cassiar Asbestos Corp. Ltd. Bell Asbestos Mines, Ltd. Asbestos Corp., Ltd. Philip Carey Mfg. Co., Inc. Glen Alden, Inc. Rapid American, Inc. Celotex Corp. North American Asb. Corp. National Gypsum Co. Cape Asbestos Fibers Ltd. National Asbestos Mines Ltd. Cape Industries Ltd. Amosa (Pty) Ltd.

Eloise SIMPKINS, Administratrix of the Estate of James
Simpkins and Eloise Simpkins on her own
behalf, Appellant,

v.

CAREY CANADIAN MINES, Ltd. Quebec Asbestos Corp. Johns-
Manville Corp. Johns-Manville Prods. Corp. Canadian Johns-
Manville Co., Ltd. Johns-Manville Sales Corp. Canadian
Johns-Manville Mining Co., Ltd. Canadian ·Johns-Manville
Asbestos, Ltd. Johns-Manville Canada, Inc. Cassiar Asbestos
Corp. Ltd. Bell Asbestos Mines, Ltd. Asbestos Corp., Ltd.
Philip Carey Mfg. Co., Inc. Glen Alden, Inc. Rapid American,
Inc. Celotex Corp. North American Asb. Corp. National Gyp-
sum Co. Cape Asbestos Fibers Ltd. National Asbestos Mines
Ltd. Cape Industries Ltd. Amosa (Pty) Ltd.

Bernice STEPHENS, Administratrix of the Estate of Clark
Stephens, Jr., Appellant,

v.

CAREY CANADIAN MINES, LTD. Quebec Asbestos Corp.
Johns-Manville Corp. Johns-Manville Prods. Corp. Canadian
Johns-Manville Co., Ltd. Johns-Manville Sales Corp. Canadi-
an Johns-Manville Mining Co., Ltd. Canadian Johns-Manville
Asbestos, Ltd.  Johns-Manville Canada, Inc. Cassiar Asbestos
Corp. Ltd. Bell Asbestos Mines, Ltd. Asbestos Corp., Ltd.
Philip Carey Mfg. Co., Inc. Glen Alden, Inc. Rapid American,
Inc. Celotex Corp. North American Asb. Corp. National Gyp-
sum Co. Cape Asbestos Fibers Ltd. National Asbestos Mines
Ltd. Cape Industries Ltd. Amosa (Pty) Ltd.

Ronald MAYKUT, Executor of the Estate of Walter
Maykut, Appellant,

v.

CAREY CANADIAN MINES, LTD. Quebec Asbestos Corp.
Johns-Manville Corp. Johns-Manville Prods. Corp. Canadian
Johns-Manville Co., Ltd. Johns-Manville Sales Corp. Canadi-
an Johns-Manville Mining Co., Ltd. Canadian Johns-Manville
Asbestos, Ltd.  Johns-Manville Canada, Inc. Cassiar Asbestos
Corp. Ltd. Bell Asbestos Mines, Ltd. Asbestos Corp., Ltd.
Philip Carey Mfg. Co., Inc. Glen Alden, Inc. Rapid American,
Inc. Celotex Corp. North American Asb. Corp. National Gyp-
sum Co. Cape Asbestos Fibers Ltd. National Asbestos Mines
Ltd. Cape Industries Ltd. Amosa (Pty) Ltd.

Catherine WRIGHT, Administratrix of the Estate of
Charles Wright, Appellant,

v.

CAREY CANADIAN MINES, LTD. Quebec Asbestos Corp.
Johns-Manville Corp. Johns-Manville Prods. Corp. Canadian
Johns-Manville Co., Ltd. Johns-Manville Sales Corp. Canadi-
an Johns-Manville Mining Co., Ltd. Canadian Johns-Manville
Asbestos, Ltd. Johns-Manville Canada, Inc. Cassiar Asbestos
Corp. Ltd. Bell Asbestos Mines, Ltd. Asbestos Corp., Ltd.
Philip Carey Mfg. Co., Inc. Glen Alden, Inc. Rapid American,
Inc. Celotex Corp. North American Asb. Corp. National Gyp-
sum Co. Cape Asbestos Fibers Ltd. National Asbestos Mines
Ltd. Cape Industries Ltd. Amosa (Pty) Ltd. Continental
Prods. Corp.

Louise BRUNO, Administratrix of the Estate of
Augustine Bruno, Appellant,

v.

CAREY CANADIAN MINES, LTD. Quebec Asbestos Corp.
Johns-Manville Corp. Johns-Manville Prods. Corp. Canadian
Johns-Manville Co., Ltd. Johns-Manville Sales Corp. Canadi-
an Johns-Manville Mining Co., Ltd. Canadian Johns-Manville
Asbestos, Ltd. Johns-Manville Canada, Inc. Cassiar Asbestos
Corp., Ltd. Bell Asbestos Mines, Ltd. Asbestos Corp., Ltd.
Philip Carey Mfg. Co., Inc. Glen Alden, Inc. Rapid American,
Inc. Celotex Corp. North American Asb. Corp. National Gyp-
sum Co. Cape Asbestos Fibers Ltd. National Asbestos Mines,
Ltd. Cape Industries Ltd. Amosa (Pty) Ltd. Continental
Prods. Corp.

Marilyn BILLIOPS, Administratrix of the Estate of
Robert Kelly, Appellant,

v.

CAREY CANADIAN MINES, LTD. Quebec Asbestos Corp. Cass-
iar Asbestos Corp. Ltd. Bell Asbestos Mines, Ltd. Asbestos
Corp., Ltd. Philip Carey Mfg. Co., Inc. Glen Alden, Inc. Rapid
American, Inc. Celotex Corp. North American Asb. Corp.
National Gypsum Co. Cape Asbestos Fibers Ltd. National
Asbestos Mines Ltd. Cape Industries Ltd. Amosa (Pty) Ltd.

Superior Court of Pennsylvania.

Argued Dec. 17, 1985.

Filed June 3, 1986.

166

Joseph W. McGuire, Philadelphia, for appellees.

Before CAVANAUGH, WICKERSHAM, and HOFFMAN, JJ.

HOFFMAN, Judge:

These nine consolidated appeals are from the orders of the lower court granting appellees' motions for summary judgment. In each case, an appellant brought a wrongful death and survival action grounded in negligence, strict liability in tort, and breach of warranty against appellees, asbestos companies, for asbestos-related injuries suffered by a decedent.[1] Appellees then filed motions for summary judgment alleging that the appellant's causes of action were barred by the applicable statutes of limitations. In orders dated November 27, 1984.[2] and January 1, 1985,[3] the lower court granted appellees' motions for summary judgment in each case and dismissed appellants' complaints with prejudice. Appellants contend on appeal that the lower court erred in finding that their complaints were time-barred. We affirm in part, reverse in part, and remand for further proceedings.

■ The lower court held that appellants' complaints were untimely filed under the rule announced by our Supreme Court in *Anthony v. Koppers Co., Inc.*, 496 Pa. 119, 436 A.2d 181 (1981). In *Anthony*, the Supreme Court considered and rejected the application of the "discovery rule"[4] to the statutes of limitations then in effect for

1. Eight of the appellants also brought claims for damages in their own right. The claims of two of these appellants, Nos. 3372 and 3373 PHL 84, were unaffected by the lower court's order dismissing their wrongful death and survival claims. *See* Lower Court.Opinion dated November 27, 1984 at 1 n. 1. The individual claims of the other seven appellants, Nos. 245–247, 249–250, and 252 PHL 85, derived from the claims on behalf of their decedents, *see* Lower Court Opinion dated January 10, 1985 at 1, and were apparently dismissed.

2. The order dated November 27, 1984 was filed on November 30 and dismissed the wrongful death and survival actions docketed at Nos. 3372 and 3373 PHL 84.

3. The order dated January 10, 1985 was filed on January 14 and dismissed the wrongful death and survival actions docketed at Nos. 245–250 and 252 PHL 85.

4. The discovery rule tolls the running of the statute of limitations until the person bringing the action discovered or, in the exercise of reasonable care, should have discovered, the injury and the causal connection between another party's conduct and the injury. *See*

wrongful death and survival actions, and held that the limitations periods began to run, at the latest, on the date of the decedent's death.

 ■ The statutes of limitation considered in *Anthony* provided a one-year period from the date of death in which to bring wrongful death actions, 12 P.S. § 1603, and a two-year period "from the time when the injury was done" for bringing survival actions. *Id.* § 34. Both statutes were repealed by the Judiciary Act Repealer Act of April 28, 1978, P.L. 202, § 2a (310) (wrongful death), (807) (survival), effective June 27, 1978, and have been recodified at 42 Pa.C.S.A. § 5524(2).[5] In the recodification, both forms of action have a two-year statute of limitations. *Id.*

In the instant cases, the lower court applied the old statutes of limitations and found that each decedent had died more than two years before the filing of the complaint. *See* Appendix. For that reason, it held that all of the complaints were time-barred.

Appellants first contend that the lower court erred in applying *Anthony* retroactively to complaints brought before that decision was filed on October 29, 1981. We disagree.

 In Pennsylvania, judicial decisions are normally retroactive, and the construction placed by the court upon a statute becomes part of the act from the very beginning. .... A court's interpretation will be applied to cases arising from the time of the enactment of the statute unless vested rights are affected.

*Baker v. Casualty and Surety Co.*, 309 Pa. Superior Ct. 81, 85–86, 454 A.2d 1092, 1094–95 (1982) (citations omitted).

*Cathcart v. Keene Industrial Insulation,* 324 Pa. Superior Ct. 123, 135–37, 471 A.2d 493, 500 (1984).

**5.** 42 Pa.C.S.A. § 5524 provides as follows:
   The following actions and proceedings must be commenced within two years:
   
   \*   \*   \*   \*   \*   \*
   
   (2) An action to recover damages for injuries to the person or for the death of an individual caused by the wrongful act or unlawful violence or negligence of another.

*See also August v. Stasak,* 492 Pa. 550, 554, 424 A.2d 1328, 1330 (1981). When deciding whether a decision should be applied prospectively only, we consider three factors:

> "First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied ... or by deciding an issue of first impression whose resolution was not clearly foreshadowed.... Second, it has been stressed that 'we must ... weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation.' ... Finally, [the courts] have weighed the inequity imposed by retroactive application, for '[w]here a decision ... could produce substantial inequitable results if applied retroactively, there is ample basis in [the case-law] for avoiding the "injustice or hardship" by holding of nonretroactivity.' "

*Fairbanks v. Travelers Insurance Co.,* 337 Pa. Superior Ct. 39, 42, 486 A.2d 469, 470 (1984) (quoting *Chevron Oil Co. v. Huson,* 404 U.S. 97, 106–07, 92 S.Ct. 349, 355, 30 L.Ed.2d 296 (1971) (citations omitted)). The first factor of the *Chevron* test, whether the decision establishes a new principle of law, is a threshold factor that must be met before the other two factors are considered. *See Schreiber v. Republic Intermodal Corp.,* 473 Pa. 614, 622, 375 A.2d 1285, 1289 (1977); *Baker v. Aetna Casualty and Surety Co., supra,* 309 Pa.Superior Ct. at 89 n. 9, 454 A.2d at 1096 n. 9.

After reviewing our Supreme Court's decision in *Anthony,* we find that it does not meet the threshold test of *Chevron.* The statutes of limitations at issue in *Anthony* were enacted in 1855 (wrongful death) and 1895 (survival) and had been applied since their enactment without applying the discovery rule. In *Anthony,* therefore, our Supreme Court *declined* to create a new legal principle and, instead, reaffirmed the traditional application of the statutes of limitations for wrongful death and survival actions.

Appellants argue, nevertheless, that a new principle of law was established in *Anthony* because its result was not "clearly foreshadowed."[6] They argue that the decision was contrary to the trend towards extending the application of the discovery rule to statutes of limitations in a variety of situations. We believe that the existence of such a trend is irrelevant where, as in *Anthony*, the plain language of the statutes clearly precluded the application of the discovery rule. *See Anthony v. Koppers Co., Inc., supra* 496 Pa. at 123, 125, 436 A.2d at 183, 184–85; *Gravinese v. Johns-Manville Corp.*, 324 Pa. Superior Ct. 432, 439, 471 A.2d 1233, 1237 (1984). Having found that *Anthony* did not establish a new legal principle, and thus failed to meet the threshold requirement of the *Chevron* test, we hold that the lower court did not err in applying its holding retroactively.[7] *Cf. Gravinese v. Johns-Manville Corp., supra* (applying *Anthony* retroactively without discussion).

Appellants next contend that the discovery rule should toll the statute of limitations for all wrongful death and tort survival actions filed after June 27, 1978, the effective date of the recodified statute of limitations, 42 Pa.C.S.A. § 5524(2). Appellants argue that (1) the discovery rule applies to § 5524(2) and (2) that section governs all complaints filed after its effective date. While this Court has held, in accordance with appellants' first argument, that the discovery rule is applicable to § 5524(2), *see Pastierik v. Duquesne Light Co.*, 341 Pa. Superior Ct. 329, 491 A.2d 841 (1985), we cannot agree that the new statute of limitations applies to all wrongful death and tort survival

6. In support of this argument, appellants rely upon *Richardson v. LaBuz*, 81 Pa. Commonwealth Ct. 436, 474 A.2d 1181 (1984), in which the Commonwealth Court found that *Anthony* did create a new principle of law. The decisions of the Commonwealth Court are, of course, not binding upon this Court, and we decline to follow the holding announced in *Richardson*.

7. Appellants also contend that the holding in *Anthony* is unconstitutional. We have already rejected this contention in *Gravinese v. Johns-Manville Corp., supra,* 324 Pa. Superior Ct. at 440–41, 471 A.2d at 1237–38. *See also Symbula v. Johns-Manville Corp.,* 343 Pa. Superior Ct. 541, 546 n. 6, 495 A.2d 598, 601 n. 6 (1985).

actions filed after its effective date. The Judicial Code states: "No cause of action fully barred prior to the effective date of this act shall be revived by reason of the enactment of this act." Judiciary Act of July 9, 1976, P.L. 586, No. 142, § 25(G) (reprinted following 42 Pa.C.S.A. § 5524). Thus, in *Symbula v. Johns-Manville Corp.*, 343 Pa. Superior Ct. 541, 495 A.2d 598 (1985), we held that the discovery rule will operate to toll the new statute of limitations for wrongful death and tort survival actions, but only

> where the action is commenced after the effective date of the Judicial Code statute of limitations, and the decedent's date of death was on or after June 26, 1977, with regard to wrongful death actions [where 12 P.S. § 1603 had previously supplied a one-year statute of limitations], and on or after June 26, 1976, with regard to survival actions [where 12 P.S. § 34 had previously provided for a two-year period]. . . .

*Id.*, 343 Pa.Superior Ct. at 545, 495 A.2d at 600.

Applying these principles to the instant cases, we find that the discovery rule is applicable only to two of the appeals before us. In No. 246 PHL 85, James Simpkins died on May 2, 1977, and the complaint on behalf of his estate was filed on November 5, 1980. *See* Appendix. Therefore, the discovery rule applies to appellant Simpkins's tort survival claim, but not the wrongful death action. In No. 247 PHL 85, Clark Stephens died on January 21, 1978, and the complaint on behalf of his estate was also filed on November 5, 1980. *See id.* Thus, the discovery rule applies to both appellant Stephens's wrongful death and tort survival claims. The causes of action of the remainder of appellants were time-barred before the effective date of § 5524(2). Accordingly, we will reverse the order of the lower court, dated January 10, 1985, insofar as it granted summary judgment to appellees and dismissed the tort survival action in No. 246 PHL 85 and the wrongful death and tort survival claims in No. 247 PHL 85.[8]

8. We note that we are not holding that the discovery rule will toll the statute of limitations in Nos. 246 and 247 PHL 85. All that we hold

■ Appellants Simpkins and Stephens, Nos. 246 and 247 PHL 85, respectively, also contend that the lower court erred in dismissing their breach of warranty survival claims.[9] The Uniform Commercial Code provides a four-year statute of limitations for breach of warranty actions. 13 Pa.C.S.A. § 2725 (formerly 12A P.S. § 2–725). *See also Williams v. West Penn Power Co.*, 502 Pa. 557, 467 A.2d 811 (1983) (four-year statute of limitations applies to personal injury claims founded upon breach of warranty).[10] Here, the actions in both the Simpkins's case and the Stephens's case were brought within four years of the date of the decedent's death. *See* Appendix. We therefore reverse the order of the lower court dismissing as time-barred the survival claims for breach of warranty contained in Nos. 246 and 247 PHL 85.[11]

■ Finally, appellants contend that the allegations in their complaints that appellees intentionally and negligently concealed facts giving rise to the instant causes of action, if proven, would estop appellees from invoking the bar of the statute of limitations.

here is that the discovery rule *may* toll the statute of limitations if appellants are able to prove that the cause of the decedents' injuries was discovered, or only could have been discovered, within two years of the date their complaints were filed.

**9.** Appellees contend that this issue has been raised for the first time on appeal and is therefore waived. *See* Brief for Appellee Brinco Mining Ltd. (formerly Cassiar Asbestos Corp. Ltd.) at 6 n. 3; Brief for Appellees Owens-Corning Fiberglas Corp. and Asbestos Corp., Ltd. at 1 n. 3. We disagree. Both appellants raised this issue in their memoranda of law in opposition to appellees' motions for summary judgment. *See* Appellant Simpkins's Memorandum Contra [Appellees'] Motion for Summary Judgment Based on the Statute of Limitations at 4–5 (filed September 19, 1984).

**10.** In *Gravinese v. Johns-Manville Corp., supra,* we held that the discovery rule is inapplicable to a survival action based upon breach of warranty because a breach occurs upon delivery, and delivery must occur before death. Thus, a survival action for breach of warranty must be brought, at the latest, within four years of the date of death. *Id.,* 324 Pa.Superior Ct. at 432, 471 A.2d at 1237.

**11.** Of course, appellants must still prove that their causes of action for breach of warranty arose in the four-year period immediately preceding the filing of their complaints.

"Mere mistake, misunderstanding or lack of knowledge is not sufficient to toll the running of the statute." *Shaffer v. Larzelere*, 410 Pa. 402, 405, 189 A.2d 267, 269 (1963); *McNair v. Weikers*, ... 300 Pa. Superior Ct. [379,] 388, 446 A.2d [905,] 909 [ (1982) ]. It is only where the defendant, through fraud or concealment, causes the plaintiff to relax his or her vigilance or to deviate from the right of inquiry that a defendant is estopped from invoking the bar of the statute of limitations. ... In general, this requires that a defendant have done something amounting to an affirmative inducement to plaintiff to delay bringing the action. ... The party asserting estoppel, moreover, has the burden of proving fraud by evidence that is clear, precise and convincing.

*Gravinese v. Johns-Manville Corp., supra,* 324 Pa. Superior Ct. at 441–42, 471 A.2d at 1238 (citations omitted). As in *Gravinese*, we find nothing in the record here that would create an issue of concealment sufficient to estop appellees from asserting a statute of limitations defense. *See id.; see also Symbula v. Johns-Manville Corp., supra,* 343 Pa. Superior Ct. at 546 n. 6, 495 A.2d at 601 n. 6. We therefore find this issue meritless.

For the foregoing reasons, we affirm the orders of the lower court on appeals Nos. 3372 and 3373 PHL 84 and Nos. 245, 248–250, and 252 PHL 85; reverse the lower court's dismissal of the survival actions in tort and breach of warranty in Nos. 246 and 247 PHL 85, and its dismissal of the wrongful death action in No. 247 PHL 85; and remand for further proceedings consistent with this opinion. Jurisdiction is not retained.

## APPENDIX

| Name of Appellant and Docket No. | Date of Death | Date Suit Filed | Years Delay |
| --- | --- | --- | --- |
| MARIE MIHALCIK, Admx. of the Estate of ANDREW MIHALCIK, et al. 3372 PHL 1984 | 8/26/74 | 1/27/81 | 6½ |

| Name of Appellant and Docket No. | Date of Death | Date Suit Filed | Years Delay |
|---|---|---|---|
| HELEN PETACCIO, Ex. of the Estate of ARMAND PETACCIO, et al. 3373 PHL 1984 | 12/9/75 | 11/17/80 | 5 |
| MARION DORSEY STEWART, Admx. of the Estate of DAVID DORSEY, et al. 245 PHL 1985 | 1/28/74 | 11/5/80 | 7 |
| ELOISE SIMPKINS, Admx. of the Estate of JAMES SIMPKINS, et al. 246 PHL 1985 | 5/2/77 | 11/5/80 | 3½ |
| BERNICE STEPHENS, Admx. of the Estate of CLARK STEPHENS, JR. 247 PHL 1985 | 1/21/78 | 11/5/80 | 3 |
| RONALD MAYKUT, Ex. of the Estate of WALTER MAYKUT 248 PHL 1985 | 8/7/75 | 4/8/81 | 5½ |
| CATHERINE WRIGHT, Admx. of the Estate of CHARLES WRIGHT 249 PHL 1985 | 11/27/70 | 5/1/81 | 10½ |
| LOUISE BRUNO, Admx. of the Estate of AUGUSTINE BRUNO 250 PHL 1985 | 4/12/59 | 5/29/81 | 22 |
| MARILYN BILLIOPS, Admx. of the Estate of ROBERT KELLY 252 PHL 1985 | 11/7/74 | 11/20/80 | 6 |