## Cusato v. Plymouth House Health Care Center Inc.

*Edward J. Morris,* for plaintiff.
*Dennis L. Platt,* for defendant.

SUBERS, *J.,* February 4, 1987—This action arises out of injuries sustained by plaintiff's decedent when she slipped and fell in defendant's nursing care facility. Plaintiff's decedent, Millie Cusato, was an inpatient at the Plymouth House Health Care Center between February 3 and February 7, 1983. Mrs. Cusato, 84 years old at the time, was

brought to Plymouth House for convalescent nursing care. Plaintiff alleges that on February 6, 1983, Mrs. Cusato was being assisted to the bathroom with the help of a nurses aide, an employee of the defendant, when she "was caused to lose her balance and fall to the floor injuring her left leg and hip . . . ." The following day, February 7, 1983, Mrs. Cusato was transferred to Montgomery Hospital. While an inpatient at the hospital, Mrs. Cusato's physical condition rapidly deteriorated until she died on February 20, 1983. The instant causes of action[1] were commenced on February 14, 1985, by writ of summons, more than two years after Mrs. Cusato slipped and fell. Plaintiff claims, inter alia, that as a result of defendant's gross negligence and reckless misconduct, Mrs. Cusato sustained permanent injuries which led to a deterioration in her physical condition, and ultimately, her death. On April 12, 1985, defendant served a rule to file a complaint on plaintiff. Plaintiff, administrator of the estate of Millie Cusato, filed the complaint on April 14, 1985, to which defendant filed its answer on May 2, 1985. Defendant filed a motion for summary

---

1. Plaintiff-administrator brought an action on behalf of the survivors of the decedent, pursuant to 42 Pa.C.S. §8301, which provides in pertinent part:

"(a) General rule.—An action may be brought, under procedures prescribed by general rules, to recover damages for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another if no action for damages was brought by the injured individual during his lifetime." (wrongful death)

Plaintiff also filed suit on behalf of the Estate of Millie Cusato pursuant to 42 Pa.C.S. §8302, which provides:

"All causes of action or proceedings, real or personal, shall survive the death of the plaintiff or of the defendant, or the death of one or more joint plaintiffs or defendants." (survival action)

judgment on December 11, 1985. Plaintiff filed an answer to defendant's motion for summary judgment on January 13, 1986. On September 10, 1986, we heard oral arguments concerning defendant's motion. After oral argument and review of the pleadings, discovery and memoranda of law, we granted defendant's motion. Plaintiff appeals this decision to the Superior Court of Pennsylvania

## ISSUES

(1) Whether the discovery rule applies to plaintiff's wrongful death and survival actions.

(2) Whether plaintiff's wrongful death and survival actions are time-barred under the applicable statute of limitations 42 Pa.C.S. §5524(2) and §5502 (a).

## DISCUSSION

The standards we apply when considering a motion for summary judgment are set forth in Pa.R.C.P. 1035, which provides in pertinent part:

"(b) . . . The judgment sought shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

It is well settled that:

"In determining whether there is a dispute of material fact, the court must take that view of the evidence most favorable to the nonmoving party, giving to that party the benefit of all favorable inferences that might reasonably be drawn from the evidence. . . ." *Christo v. Brittany Inc.*, 312 Pa. Super. 255, 263, 458 A.2d 946, 950 (1983) (allocatur denied); *Meyers Plumbing and Heating Supply*

*Company v. West End Federal Savings and Loan Assoc.,* 345 Pa. Super. 559, 563, 498 A.2d 966, 968 (1985). Summary judgment may be granted only in a case that is clear and free from doubt. *Billman v. Pa. Assigned Claims Plan,* 349 Pa. Super. 448, 453, 503 A.2d 932, 935 (1986); *Rossi v. Pennsylvania State University,* 340 Pa. Super. 39, 45, 489 A.2d 828, 831 (1985). Mindful of these standards, we examine the issues in the case at bar:

(1) Whether the discovery rule[2] is properly applicable to plaintiff's wrongful death and survival actions, and, if so

(2) Whether plaintiff's wrongful death and survival actions are time-barred under the relevant statute of repose set forth in 42 Pa.C.S. §5524.

We answer both in the affirmative.

The controlling statute of limitations, 42 Pa.C.S. §5524, provides in pertinent part:

"The following actions and proceedings must be commenced within two years. . . . (2) an action to

---

2. In *Volpe v. Johns-Manville Corp.,* 4 Phila. County Reporter 290, appealed, *Volpe v. Johns-Manville Corp.,* 323 Pa. Super. 130, 470 A.2d 164 (1983), the Superior Court of Pennsylvania adopted the principle that:

[T]hree independent phases of knowledge must be known or knowable to plaintiff before the limitations period commences: (1) knowledge of the injury; (2) knowledge of the operative cause of the injury; and (3) knowledge of the causative relationship between the injury and the operative conduct." 4 Phila. County Reporter at 295-296.

This principle, known as the discovery rule, was stated slightly differently by the Superior Court in *Cathcart v. Keene Industrial Insulation,* 324 Pa. Super. 123, 135, 471 A.2d 493, 500 (1984), where the Superior Court found that the statute of limitations begins to run when plaintiff "knew or reasonably should have known that the decedent was injured and that his injury had been caused by another party's conduct." Id. at 135, 471 A.2d at 500.

recover damages for injuries to the person or for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another." 42 Pa.C.S. §5502 (a) provides that: "The time within which a matter must be commenced under this chapter shall be computed. . . from the time the cause of action accrued. . . ."

Instantly, the parties' dispute centers on exactly when the cause of action in this matter accrued. Plaintiff contends that plaintiff's decedent's cause of action (and therefore his cause of action) did not accrue until the date of plaintiff's decedent's death on February 20, 1983. Defendant claims that the discovery rule applies to plaintiff's causes of action, which therefore accrued on February 6, 1983, the date of the alleged slip and fall. We agree with defendant.

Our analysis of plaintiff's claim begins with *Anthony v. Koppers Co. Inc.*, 284 Pa. Super. 81, 425 A.2d 428 (1980), reversed, 496 Pa. Super. 119, 436 A.2d 181 (1981), wherein the Supreme Court of Pennsylvania considered and rejected the application of the discovery rule to the statute of limitations then in effect for wrongful death and survival actions. In *Anthony,* the Supreme Court construed statutes of limitations, which, respectively, provided for a one-year period from the date of death in which to bring wrongful death actions, and a two-year period "from the time when the injury was done" for bringing survival actions.[3] However, both statutes

---

3. See act of April 26, 1855, §2, P.L. 309, 12 P.S. §1603, (an "action for wrongful death shall be brought within one year afer the death, and not thereafter"), repealed by Judiciary Act Repealer Act of Aprl 28, 1978, §2(a)[3101], P.L. 202, effective June 27, 1978;

Act of June 24, 1895, §2, P.L. 236, 12 P.S. §34, ("Every suit hereafter brought to recover damages for injury wrongfully

were repealed by the Judiciary Act Repealer Act of April 28, 1978, and were recodified under 42 Pa.C.S. §5524(2), which, as noted, provides a two-year statute for both forms of action. At the time of *Anthony,* the issue of whether the discovery rule applied to a wrongful death action was one of first impression. *Anthony,* 496 Pa. at 123, 436 A.2d at 184. The Supreme Court held the discovery rule inapplicable to the applicable statutes for wrongful death and survival actions because the clear construction of the statutes precluded application of the rule. The Supreme Court acknowledged this fact when the court stated that "the requirement that a wrongful death action be brought within two years after a definitely established event, *death* leaves no room for construction." Id. at 124-25, 436 A.2d at 184.

More recently, the Superior Court of Pennsylvania recognized "the critical difference [between] the current statute of limitations [which] measures the limitations period from the 'accrual' of the 'cause of action' [and] the repealed version controlling in *Anthony.* . . [which] used the dates of 'death' and 'injury'. . . ." *Symbula v. Johns-Manville Corporation,* 343 Pa. Super. 541, 545, 495 A.2d 598, 600 (1985). Realizing that the different language and structure of the current statute compelled a different conclusion than the one reached by the Supreme Court under the old statute, the Superior Court held that the discovery rule *was* properly ap-

---

done to the person, in case where the injury does not result in death, must be brought within two years from the time when the injury was done and not afterwards; in cases where the injury does result in death the limitation of action shall remain as now established by law.") repealed by Judiciary Act Repealer Act, §2(a)[807].

plicable to wrongful death and survival actions in *Pastierik v. Duquesne Light Co.,* 341 Pa. Super. 329, 491 A.2d 841 (1985), not only because of the different construction of the current statute, but also because, "[i]t seem[ed] clear that to permit the discovery rule if the allegedly tortious conduct re-sults in personal injury, but to deny its application if the allegedly tortious conduct causes death, would be unjust." Id. at 331-32, 491 A.2d at 842.

The rule that has emerged from *Anthony* and its progeny, and the rule to which we today adhere, is that the discovery rule is applicable to wrongful death actions where,

"[T]he action is commenced after the effective date of the Judicial Code statute of limitations, and the decedent's date of death was on or after June 26, 1977, with regard to wrongful death actions, and on or after June 26, 1976, with regard to survival ac-tions, as both actions would be governed by the Ju-dicial Code statute of limitations, 42 Pa.C.S. §5524(2), since the actions would not be fully barred before the effective date of the Judicial Code."[4] *Symbula,* supra, at 600, 495 A.2d at 600; See *Stewart et al. v. Carey Canadian Mines Ltd.,* 354, Pa. Super. 163, 511 A.2d 239, 244 (1986).

In applying these rules to the instant case, we think it is clear that the discovery rule is properly applicable both to plaintiff's wrongful death action and to plaintiff's survival action. Plaintiff's decedent died on February 20, 1983, and plaintiff com-

---

4. The Judicial Code states: "No cause of action fully barred prior to the effective date of this act shall be revived by reason of the enactment of this act." Judiciary Act of July 9, 1976, P.L. 586, §25(G) (reprinted following 42 Pa.C.S. §5524).

menced both actions by writ of summons on February 14, 1985, long after the effective date of the current Judicial Code Statute of Limitations 42 Pa.C.S. §5524(2).

Because the discovery rule is applicable, the question of timeliness of these actions must be resolved by determining when plaintiff knew or reasonably should have known that decedent was injured and that her injury had been caused by another party's conduct. Since plaintiff knew that his mother was injured on February 6, 1983, and he knew that his mother's injuries allegedly resulted from the wrongful acts of defendant's employee(s), plaintiff's cause of action accrued on February 6, 1983. Plaintiff, then, had two years from that date, pursuant to 42 Pa.C.S. §5524(2), to institute the instant cause of action. However, plaintiff did not institute the instant cause of action until February 14, 1985, more than two years after the date of plaintiff decedent's injury. Given plaintiff's knowledge about the time, place and manner of his mother's injuries, as a matter of law, plaintiff's wrongful death and survival action are clearly time-barred.

Plaintiff asserts that, "[t]he discovery rule is used only to toll the statute of limitations to prevent an injustice, never to start the statute to create one." (Plaintiff's memorandum of law, filed January 13, 1986, at P.6, citing *Bourman v. Abramson*, 545 F.Supp. 227 (E.D. Pa., 1982)). Plaintiff 's assertion is incorrect. As the court of appeals for the Third Circuit rightly noted:

"Just as the discovery rule may be applied to toll the statute of limitations until after a decedent's death, it may be applied to set the statute running before the decedent's death where the decedent knew or should have known of his injury and its cause before he died." *Cowgill v. Raymark Indus-*

*tries Inc.,* 780 V.2d 324, 332 (3rd Cir.1985); See also, *Berardi v. Johns Manville Corp.,* 334 Pa. Super. 36, 43-44, 482 A.2d 1067, 1071-72 (1984), (discovery rule not only tolls statute, it starts it running).

## CONCLUSION

Based on the foregoing analysis, our order dated September 23, 1986, granting defendant's motion for summary judgment was proper and should be affirmed.