529 A.2d 24

**Sara ROMANO, Administratrix of the Estate of Antonio Romano, and Sara Romano in Her Own Right; Ester Pyles, Administratrix of the Estate of Charles Pyle, and Ester Pyles in Her Own Right; Pauline Cisek, Administratrix of the Estate of Edward Cisek, Deceased and Pauline Cisek, In Her Own Right**

v.

**JOHNS–MANVILLE CORPORATION, et al.**

Superior Court of Pennsylvania.

Argued Oct. 1, 1986.

Filed March 6, 1987.

Concurring Opinion Aug. 4, 1987.

Daniel G. Childs, Philadelphia, for appellants.

I. Steven Levy, Philadelphia, for Forty-Eight, appellee.

Martin Greitzer, Philadelphia, amicus curae.

Before CIRILLO, President Judge, and CAVANAUGH, WICKERSHAM, WIEAND, McEWEN, DEL SOLE, TAMILIA, KELLY and JOHNSON, JJ.

PER CURIAM:

Affirmed.

TAMILIA, Judge, concurring:

I join the majority but file this Concurring Statement to make clear my view that the controlling law, in an appropriate case, remains that propounded in *Pastierik v. Duquesne Light Co.*, 341 Pa.Super. 329, 491 A.2d 841 (1985) and *Symbula v. Johns-Manville Corp.*, 343 Pa.Super. 541, 495 A.2d 598 (1985).[1]

Initially, in order to enlighten the bench and bar as to the basic factual situation at issue, below is a verbatim summary as included in the unpublished majority memorandum:

These three appeals are from the orders of the trial court granting Appellees' motions for summary judgment. In each case, an appellant brought a wrongful death and survival action for a decedent's asbestos-related injuries and death.

---

**1.** *Pastierik* was recently reversed by the Pennsylvania Supreme Court. In *Pastierik v. Duquesne Light Company and Pastierik v. Johns-Manville,* 514 Pa. 517, 526 A.2d 323 (1987), the Court determined the cause of action for wrongful death accrues *at the time of death* and not when the cause of death reasonably becomes known. Additionally, the Court held that the survival action accrues *at the latest* at the time of death, otherwise it accrues at the time the victim knew, or should reasonably have known, of his injury. Although *Pastierik* was reversed, the discussion included herein remains of importance in the discussion of the instant case and matter to be heard in the future.

The related issues in these appeals are: 1) the application of the "discovery rule" to the statute of limitations for wrongful death and survival actions, codified at 42 Pa.C.S.A. § 5524(2), following repeal of the former statutes of limitations 12 P.S. § 1603 (wrongful death) and 12 P.S. § 34 (survival actions), by the Judiciary Act Repealer Act ("JARA") of April 28, 1978, P.L. 202, § 2a (310) (wrongful death) and (807) (survival actions), effective June 27, 1978 and, 2) the correctness of *Symbula v. Johns-Manville Corp.*, 343 Pa.Super. 541, 495 A.2d 598 (1985), and *Pastierik v. Duquesne Light Co.*, 341 Pa.Super. 329, 491 A.2d 841 (1985).

Per Curiam Memorandum, filed March 3, 1987, p. 1.

The en banc panel went on to determine that resolution of the issues would have to wait[2] as the entry of summary judgment by the trial court was appropriate in that the wrongful death and survival actions were time barred by the then applicable statutes of limitations.

The argument of appellee is that death is an ascertainable event and, therefore, should not be covered by the discovery rule since there is nothing to discover. This ignores the fact that death is not a cause but a result and the cause of death and the cause of injury in given cases may be identical and equally subject to problems of ascertainment. Appellee simply harkens back to *Anthony v. Koppers*, 496 Pa. 119, 436 A.2d 181 (1981). In *Anthony*, the Supreme Court held that the wording of the statute of limitations, as it applied to wrongful death, was so specific "one year after the death, and not thereafter", there was no room for judicial construction. This was contrasted with personal injury cases where terms such as "injury" or the "accrual of a cause of action" were subject to judicial interpretation. *Id.*, 496 Pa. at 123–24, 436 A.2d at 184. As to survival actions, the court treated discovery of the cause of injury after death as an injury occurring *after* death and thereby

---

**2.** These issues have since been resolved by the Supreme Court in *Pastierik, supra.* See footnote 1.

not capable of surviving the death, as it would in effect create a new cause of action. With the rewriting of the statute of limitations, 42 Pa.C.S.A. § 5524(2), any distinction between personal injury cases, survival actions and wrongful death actions was eliminated, and the stringent language, which *Anthony* found restrictive as to survival or wrongful death actions, was eliminated. To be consistent, we must apply the discovery rule to each cause of action equally or deny it to all. If we deny the discovery rule to all, we must repudiate *Pocono International Raceway, Inc. v. Pocono Produce, Inc.,* 503 Pa. 80, 468 A.2d 468 (1983) and *Cathcart v. Keene Industrial Insulation,* 324 Pa.Super. 123, 471 A.2d 493 (1984). If cause of death and cause of injury are indistinguishable and if the event (death) is eliminated as an absolute cap on tolling the statute since under the new statute (42 Pa.C.S.A. § 5524(2)) the distinction is eliminated between personal injury, survival and wrongful death actions, then standards for determining causation are indistinguishable. It is irrelevant that the cause of action may be brought by the individual in personal injury as opposed to the personal representative (even a bank as alleged by the appellee) in a wrongful death or survival action because the law has given the right of recovery to the parties designated. 42 Pa.C.S.A. § 8301 Death action, § 8302 Survival action. It is always possible to isolate a case where the recovery does not benefit the persons intended, but in most cases it will do so. As to the discovery rule, it is a judicially created exception that was required because of the injustice arising out of creeping disease cases, or any case where the cause is not immediately ascertainable (*Pocono, Cathcart, supra* ), which the statute could not have contemplated since the usual application was to cases which could reasonably be evaluated within the two-year period.

This Court has reviewed these cases on a case by case basis and has not extended the discovery rule beyond its reasonable application. It is more likely than not in a given

case (as here in *Cisek*) that the discovery rule will not be applied to set aside the statute, as the evidence does establish knowledge of causation or lack of diligence within the statutory period. The rule is there, however, for those cases which may be increasing because of scientific innovation with unforeseen results or where knowledge is not available until well into the statutory period or until after the statute of limitations has run. *See* Frey, *The Glowing Globe, Pennsylvania Lawyer,* Vol. 9, No. 1 at 11. Appellee would have us adopt a rule that in effect states that whenever a person has died, it is presumed that his personal representatives will know the cause of death. It is likely that in most cases representatives will know the cause, and if asbestos related, will have two years to bring an action from that time, or substituting for the deceased, from the time the deceased had knowledge, as in *Cisek, supra.* However, unless and until we are able to assume that all persons have proper medical advice available, all doctors and hospitals give unequivocally medically competent advice and all diseases can be absolutely identified, we need such a rule. The discovery rule has broader applications than asbestos cases and in some situations, greater problems of medical diagnosis.

This rule evolved out of a sense of justice and fair play and is particularly applicable to a category of cases which has been beset by denial, avoidance and mistreatment of people, at the hands of industry and government which is no less callous than that which occasioned the great reforms of safety and humane working conditions throughout the first half of this century. It is also relevant to government policies of shifting diagnosis whereby persons determined to be handicapped at one time are stricken from the roles of social security disability at a later time and new classes of disease are codified due to different interpretations of disabilities and their causes.