**Jurene JONES, et al.**

v.

**SCHMID LABORATORIES, INC., et al.**

**Civ. A. No. 86–3362.**

United States District Court,
E.D. Pennsylvania.

July 17, 1987.

Michael D. Fishbein, Arnold Levin, Philadelphia, Pa., for plaintiffs.

James D. Coleman, Mark S. Stewart, Ballard, Spahr, Andrews & Ingersoll, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

LUDWIG, District Judge.

Defendants move for summary judgment asserting that plaintiffs' claims are time-barred and that no genuine issues of material fact are in dispute. Fed.R.Civ.P. 56(c).

The diversity complaint alleges that the use of an intrauterine device caused plaintiff Jurene Jones to undergo a hysterectomy in 1984. The IUD was utilized by her from 1972 to 1974. From the outset, plaintiff, a registered nurse, experienced pain, spotting and other difficulties which her doctor ascribed to an initial adjustment problem.[1] After removal of the IUD, she continued to experience problems, though to a lesser degree. In 1982, an infertility specialist concluded that her fallopian tubes were blocked and that she was tubally infertile. She did not know until 1986 of the alleged causal link between the IUD and the pelvic inflammatory disease that resulted in the need for the hysterectomy. The present action was filed on May 14, 1986 and removed here.

The standards for consideration of a motion for summary judgment have been restated in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2552–2553, 91 L.Ed.2d 265 (1986):

"Under Rule 56(c), summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a

---

**1.** The information related in the remainder of this paragraph appears in Jurene Jones's deposi-   tion.

showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is 'entitled to judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof."

*See also Falcone v. Columbia Pictures Indus., Inc.,* 805 F.2d 115, 117–118 (3d Cir. 1986).

The law governing the time-bar of this action is the Pennsylvania two-year statute of limitations, 42 Pa.C.S.A. § 5524(2) (Purdon Supp.1987). Decisionally, however, the limitations period does not begin to run until "plaintiff knows or reasonably should know: (1) that he has been injured, and (2) that his injury has been caused by another party's conduct." *Cowgill v. Raymark Indus., Inc.,* 780 F.2d 324, 330 (3d Cir.1986) (quoting *Pastierik v. Duquesne Light Co.,* 341 Pa.Super. 329, 330, 491 A.2d 841, 842 (1985)). The Pennsylvania Supreme Court has explained that a plaintiff could not reasonably have known of his injury and its cause if, "despite the exercise of due diligence," he was unable to "ascertain the fact of a cause of action." *Pocono Int'l Raceway, Inc. v. Pocono Produce, Inc.,* 503 Pa. 80, 85, 468 A.2d 468, 471 (1983).

Here, according to the depositions of Jurene Jones and her physicians, she repeatedly sought medical help for her complaints. She states that these visits did not alert her to the possibility of her having contracted pelvic inflammatory disease. None of the doctors appear to have discussed the disease with her.[2] Her exercise of due diligence and when she knew or reasonably should have known that her symptoms were IUD-related are issues of material fact. Arguably, knowledge of the

existence of the cause of action should be attributed to her more than two years before this action was started. This is a threshold question for the factfinder.

Defendants also argue that the use of the IUD could not have caused Jones's infertility. Although PID was not diagnosed until 1982, her doctors' depositions, a medical expert's report, and her medical history, all implicate an IUD/PID connection. As the record shows, contemporary medical knowledge recognizes the link between PID and the IUD usage. It did not do so 15 years ago at the time Jones first encountered her difficulties. Her symptomology, viewed with today's knowledge, may have been PID manifestations leading to the eventual hysterectomy. This also presents a fact-finding question. There is evidence to substantiate Jones's claim that PID occurred as the result of IUD use. Summary judgment is inappropriate.

---

**2.** In 1982, one doctor noted the diagnosis of PID in his records but there is no evidence from his deposition or Jones' deposition that he discussed the disease with Jones.